■ In the Matter of HERMAN GREENBAUM et al., Doing Business as SANDS POINT NURSING HOME, Petitioners, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondent which imposed a fine in the amount of $19,500 upon petitioners after a hearing upon charges that petitioners, in the operation of the Sands Point Nursing Home, had violated certain rules and regulations promulgated pursuant to article 28 of the Public Health Law. Based upon the result of certain visits by the New York State Department of Health in January and May of 1976, the petitioners were given written notice of 78 observed violations of the State Hospital Code (10 NYCRR Parts 700-782). In accordance with subdivisions 6 and 7 of section 2803 of the Public Health Law, the written notice of violations specified the penalty (fine) which would be imposed for each violation unless the violations were "rectified" within 30 days. It appears that the petitioners did correct nearly all of the violations to the satisfaction of the commissioner and/or his agents but, on November 18, 1976, a statement of charges specifying six violations was issued based upon the failure of petitioners to correct certain remaining items. Following a hearing, a decision determined that the petitioners were guilty as to four charges and further found that one additional charge was cumulative and was sustained by guilt on the other charges. The commissioner imposed fines for the four charges. The report of the hearing officer is comprehensive and contains an accurate summary of the relevant testimony as to each charge and the legal positions argued by the petitioners. It is apparent that the charges were supported by substantial evidence. The petitioners attempt to place part or all of the fault for noncompliance as to some of the items (insufficient nursing personnel; changes in structure of utility room) on the commissioner and his employees or agents because of a lack of appropriate responses to inquiries by the petitioners and because of a vagueness in the regulations. However, the direction to petitioners to cure the deficiencies was clear and succinct, but the petitioners did not accomplish such cure within 30 days and the respondent could, thus, reasonably find that there was not compliance within any reasonable time. Interpretation of the regulations is for the administrative agency and its interpretation of the requirements of the State Hospital Code is not without a

reasonable basis *(Matter of Lumpkin v Department of Social Servs. of State of N. Y.,* 45 NY2d 351). As to the fines, we conclude that the amount of nursing care required by the code was not being given to the patients. There was evidence that such lack of care was to some extent observable by patients appearing in an unsupervised state when they needed care. Certainly a fine of $9,000 for the failure of nursing care for such an extended period as is covered by the first audit, January 22, 1976, through the follow-up visits is reasonable in view of the seriousness of the charge and the fact that the fine could have been as high as $1,000 per day. The penalty of $9,500 for potentially unsanitary conditions is not excessive as the inherent danger is great and grave. The remaining fines of $1,000 are not excessive and the total of $19,500 is not shocking or inequitable. *(Kostika v Cuomo,* 41 NY2d 673, 676; *Matter of Pell v Board of Educ.,* 34 NY2d 222.) Determination confirmed, and petition dismissed, with costs to respondent. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.