### (January 17, 1980)

■ In the Matter of EDEN PARK HEALTH SERVICES, INC., Doing Business as EDEN PARK NURSING HOMES, Petitioner, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondents which imposed a fine in the amount of $41,374 upon petitioner. Petitioner is a corporation owning several nursing homes, including one in Albany which is the subject of this proceeding. Following an investigation of the Albany facility conducted during January of 1977, the Department of Health issued two 30-day letters (Public Health Law, § 2803, subd 7), dated January 19, 1977 and February 24, 1977, which notified petitioner of numerous violations of Health Department regulations in three basic areas: nursing care; sanitation, housekeeping and maintenance; and patient nutrition and dietetics. Each letter specified in detail the regulations allegedly violated, the objectionable conduct constituting each violation, the potential fine for continued violation and the steps which should be taken to rectify each violation. After follow-up visits by the department indicated that many of the originally noted deficiencies continued to exist, three additional letters were sent to petitioner indicating what violations were still uncorrected. Ten charges were then issued based upon numerous violations of departmental regulations (10 NYCRR Parts 414-416), and petitioner was found guilty after a hearing ·on all 10 charges. The hearing officer did not make any recommendation concerning penalties and the respondents, after adopting the hearing officer's findings of fact and conclusions of law, imposed a fine of $41,374. This transferred CPLR article 78 proceeding ensued. Petitioner's contention that the prehearing procedures employed by the department violated its due process rights is without merit. Due process is satisfied when a party is fully informed of the nature of the charges against him, so that he can prepare an adequate defense (*Matter of Murray v Murphy*, 24 NY2d 150). Here, although the charges themselves were vague, they must be read in conjunction with the letters

previously sent to petitioner by the department. Taken as a whole, this correspondence adequately apprised petitioner of the nature of the proof against it (see *Matter of 1133 Ave. of Amers. Corp. v Public Serv. Comm. of State of N. Y.,* 62 AD2d 787). Moreover, respondents' failure to comply with petitioner's demand for a more particularized statement of charges was not improper since it was not purely arbitrary (State Administrative Procedure Act, § 301, subd 2; *Matter of Board of Educ. v Allen,* 6 NY2d 127, 136). Equally without merit is the argument that the determination of guilt on the 10 charges was unsupported by substantial evidence. All of the consultants who conducted the initial investigation and follow-up visits testified at the hearing. Their observations, in addition to those of some of petitioner's own witnesses, provided ample support for the findings of petitioner's guilt. There must, however, be a remand of this proceeding. The hearing officer made no recommendation concerning penalties and the respondents assessed a $41,374 fine without any explanation as to how that figure was derived. The assessment of a lump-sum fine without any breakdown of the amount of the penalty imposed for each particular charge does not permit adequate judicial review (see *Matter of Simpson v Wolansky,* 38 NY2d 391, 396), especially in view of petitioner's contention that it may have been improperly fined more than $1,000 per day for continuing violations (Public Health Law, § 2803, subd 6). Requiring the respondents to particularize the fine assessed for each charge will not unduly burden the department since they have previously done so in proceedings of this type (see *Matter of Greenbaum v Whalen,* 70 AD2d 1014). Decision withheld, and matter remitted to the Director of the Office of Health Systems Management for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.