■ In the Matter of JOHN F. RAKSTIS, Doing Business as SCHELL'S RED CROSS PHARMACY, Petitioner, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Montgomery County) to review a determination of respondent which imposed fines upon petitioner for violations of Public Health Law article 33.

Petitioner, a licensed pharmacist, was served with a notice of hearing and statement of charges alleging violations of Public Health Law article 33, entitled the Controlled Substances Act (the Act), and the regulations promulgated thereunder. After a hearing, respondent determined that petitioner had violated the Act, and substantial fines were imposed. Petitioner commenced this CPLR article 78 proceeding and respondent moved to dismiss, claiming that the proceeding was untimely.

Title VII of the Act (Public Health Law § 3380 *et seq.)* contains substantive and procedural provisions concerning offenses, violations and enforcement of the Act. Public Health Law § 3394 (1) provides that all orders or determinations "hereunder" shall be subject to review in an article 78 proceeding. The statute further provides that "[a]pplication for such review must be made within sixty days after service of the order or determination upon the person whose license, certificate, right or privilege is affected thereby" (Public Health Law § 3394 [2]). Petitioner concedes that he did not comply with the 60-day time limit, but contends that the

ordinary four-month Statute of Limitations of CPLR 217 applies since the determination did not affect his license. We reject this contention and dismiss the proceeding.

This is not a case where the administrative proceeding is governed procedurally by another statute (cf. Matter of Di Marsico v Whalen, 68 AD2d 971, affd 49 NY2d 822). Rather, both the substantive and procedural rules of the Act are applicable. Public Health Law § 3391 (1) authorizes the commencement of an administrative proceeding to revoke a license or certificate of approval. The statute specifically authorizes respondent to impose a fine in lieu of revocation (Public Health Law § 3391 [4]). It is clear, therefore, that an administrative proceeding which results in the imposition of a fine should be treated procedurally the same as one which results in revocation. Although the determination under review did not affect petitioner's license, it clearly affected his rights. Accordingly, the 60-day time limit of Public Health Law § 3394 (2) applies and, thus, this proceeding is untimely.

Petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.