■ Town of LaGrange, Respondent-Appellant, v Giovenetti Enterprises, Inc., et al., Appellants-Respondents.—In an action, inter alia, to enjoin the defendants from storing or transferring refuse on their property, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Beisner, J.), dated June 2, 1986, as, after a nonjury trial, dismissed their counterclaims and granted the plaintiff's demand for a permanent injunction against them, and the plaintiff cross-appeals from so much of the same judgment as dismissed its second cause of action.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof which dismissed the plaintiff's second cause of action, and substituting therefor a provision by granting the plaintiff judgment on its second cause of action. As so modified, the order and judgment is affirmed, with costs to the plaintiff, and the matter is remitted

to the Supreme Court, Dutchess County, for the entry of an appropriate amended judgment enjoining the defendants from using the premises in question for the storage of garbage-filled trucks and the transfer of garbage from truck to truck.

The trial court properly dismissed the defendants' challenge to the relevant statutes. The exclusion of commercial solid waste transfer stations from the schedule of permitted uses contained in the town's Zoning Ordinance does amount to a complete prohibition. However, such a prohibition is not per se unreasonable; the ordinance must be scrutinized to determine whether it is " 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare' " (see, Berenson v Town of New Castle, 38 NY2d 102, 107). To the extent that this ordinance prohibits transfer stations, it is sufficiently related to the town's concerns with the effect that garbage, rubbish and refuse kept, even temporarily, on private lands within the town would have on the public health, safety and welfare (see, Local Laws, 1980, No. 3 of Town of LaGrange). Moreover, it cannot be maintained that the prohibition may have a disproportionate impact on the neighboring regional area (see, Berenson v Town of New Castle, supra). The presence or absence of a commercial transfer station can only affect the expense incurred by the commercial hauler in taking refuse longer distances from the town of disposal.

Nor can the ordinance be said to unduly burden interstate commerce (see, Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679, 684-685; see also, Turi Landfill v Town of Goshen, 556 F Supp 231, 237, affd 697 F2d 287). Furthermore, ECL 27-0711 permits municipalities to adopt stricter requirements, and an ordinance is not inconsistent with the ECL merely because it "prohibit[s] something which the State law would consider acceptable" (see, Monroe-Livingston Sanitary Landfill v Town of Caledonia, supra, at p 683; Niagara Recycling v Town of Niagara, 83 AD2d 316, 330).

However, we note that the injunction sought could properly have issued solely on the basis of a restriction agreed to by the defendants when they originally applied for permission to operate a trucking terminal on the site, i.e., that: "no refuse storage, refuse transfer [etc.] shall take place on the site". Although, pursuant to Town Law § 274-a, the Town Planning Board was merely delegated the power to recommend approval, modification, or denial of a site plan application (see, Town of LaGrange Zoning Ordinance § 100-51 [D] [2]), the evidence indicates that the defendants' agent agreed at the

Planning Board's behest to include that restriction. Indeed, at that stage of the defendants' operations they had no reason to object to that restriction. Thus, the restriction was not unilaterally imposed on the defendants. Had they declined to include it as requested, the application would not have been immediately quashed, but would have been forwarded to the Town Board for consideration, along with the Planning Board's recommendation. Injunctive relief should, therefore, have issued to the plaintiff on its second cause of action based upon the agreed-upon site-plan restriction. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.