OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, with costs, and the matter remitted to that court for further proceedings on the petition.
Petitioner, the owner and supervising pharmacist of Schell’s Red Cross Pharmacy in Amsterdam, New York, was fined $12,000 for various alleged violations of Public Health Law article 33, which governs the sale and distribution of controlled substances. The charges concerned faulty record-keeping and unexplained inventory shortages; there was no finding that petitioner was trafficking in controlled substances in violation of law. His petition to review the Commissioner’s determination, brought under CPLR article 78, was dismissed by the Appellate Division solely on the ground that the proceeding was not commenced within the 60-day limitations period prescribed by Public Health Law § 3394 (2). The dismissal of his petition on Statute of Limitations grounds was erroneous.
Public Health Law § 3394 (2) is the fourth in a group of four statutes governing the procedures for revoking, in whole or in part, licenses issued under article 33 (Public Health Law §§ 3390-3394). Those statutes, as we have previously held, are inapplicable to administrative proceedings that are not directed toward the revocation or limitation of such a license (see, Matter of Di Marsico v Whalen, 49 NY2d 822).
Furthermore, section 3394, which sets forth the rules for judicial review of revocation determinations, is applicable, by its terms, only to a "person whose license, certificate, right or privilege is affected” by the determination (Public Health Law § 3394 [2]). Contrary to the Appellate Division’s conclusion, the imposition of a fine, without more, does not constitute an impairment of a "right or privilege” within the meaning of this section. And, although Public Health Law § 3394 (1) speaks of "[a]ll orders and determinations hereunder”, that *989 language, read in context, clearly refers to orders and determinations affecting licenses under Public Health Law §§ 3390-3394, and not to any and all determinations which have as their predicates a violation of one of the substantive mandates of article 33.
Inasmuch as this was clearly an administrative proceeding to impose a fine, the Commissioner’s authority was derived from Public Health Law § 12, and the governing procedural rules, if any, must be found in the related prescriptions of Public Health Law § 12-a. Indeed, the Commissioner expressly invoked his authority under Public Health Law § 12 in ordering the payment of a fine. Thus, the Appellate Division’s reliance on Public Health Law § 3391 (4), which permits the Commissioner to impose a civil penalty in lieu of license revocation, was erroneous (see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593). In any event, the $12,000 fine imposed here could not have been levied under section 3391 (4), since that statute limits the permissible levy to $10,000.
Having imposed a fine expressly under Public Health Law § 12, the Commissioner is now bound by the procedural provisions of section 12-a (see, Matter of Di Marsico v Whalen, supra). Since section 12-a does not contain any special restrictions on the time within which a CPLR article 78 proceeding to challenge the determination must be brought, the four-month limitations period prescribed in CPLR 217 governs this proceeding. The proceeding, commenced within four months after the determination was served, was therefore timely and should not have been dismissed on timeliness grounds. Consequently, the matter must be remitted to the Appellate Division for consideration of the petition on its merits.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment reversed, etc.