■ In the Matter of JOHN F. RAKSTIS, Doing Business as SCHELL'S RED CROSS PHARMACY, Petitioner, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Montgomery County) to review a determination of respondent which imposed fines upon petitioner for violations of Public Health Law article 33.

Following a hearing conducted pursuant to Public Health Law § 12-a, respondent found that petitioner had violated the Controlled Substances Act (Public Health Law art 33) and regulations promulgated thereunder. The violations concerned faulty record keeping and unexplained inventory shortages, and upon determining that 12 separate violations had occurred, respondent imposed fines of $1,000 for each violation. In this CPLR article 78 proceeding, petitioner challenges the findings that he violated the Controlled Substances Act and the regulations, and he also claims that the fines imposed are unlawful and excessive.

Petitioner's initial challenge is premised upon his claim that respondent erred in relying upon certain evidence that, according to petitioner, was obtained in violation of respondent's rules and regulations governing investigations by Department of Health employees. Based upon the Hearing Officer's recommended finding that such a violation occurred, petitioner contends that respondent erred in determining that no such violation occurred. Respondent, however, is the ad-

ministrative officer authorized to make "appropriate determinations" (Public Health Law § 12-a [7]) and, as with any administrative determination of fact, his assessment of the credibility of witnesses and the inferences to be drawn from the evidence presented are conclusive if supported by substantial evidence (see, Matter of Di Maria v Ross, 52 NY2d 771, 772). Based upon the evidence in the record, it cannot be said that respondent's determination is lacking a rational basis and, therefore, our review of his factual findings is completed (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182)*

Turning to petitioner's objection to the fines imposed, we note the confusion as to the administrative remedy employed by respondent herein. The notice of hearing served upon petitioner asserts that the hearing was to be conducted pursuant to Public Health Law articles 1 and 33. Each of these articles authorizes formal hearings and prescribes the notice and procedure requirements for such hearings (Public Health Law §§ 12-a, 3393). These notice and procedure requirements are not identical, and discrepancies exist in the substantive provisions as well (see, e.g., Public Health Law § 12 [1]; § 3391 [4]). It is clear, therefore, that the hearing could not have been conducted pursuant to both Public Health Law articles 1 and 33; it had to be conducted pursuant to one or the other. Public Health Law § 12-a states that its provisions shall be applicable to all hearings under the Public Health Law except where other inconsistent provisions of the Public Health Law are applicable. Public Health Law § 12 (1) authorizes the imposition of a civil penalty of up to $1,000 for each violation of the Public Health Law for which a civil penalty is not otherwise expressly prescribed by law. Public Health Law § 3396 (2), on the other hand, provides that a violation of any provision of Public Health Law article 33 for which a penalty is prescribed therein must be punishable as so prescribed. On a prior appeal by respondent in this proceeding, we concluded that since respondent was seeking to impose a monetary penalty rather than affect petitioner's professional license as a pharmacist, and since Public Health Law article 33 contained an express authorization for a monetary penalty for the alleged violations, the proceeding was governed substantively and procedurally by Public Health Law article 33 (117 AD2d 907). On appeal, the Court of Appeals held that Public Health Law

---

* Respondent concedes in his brief that one of the violations, based upon an "overage" of the drug Serax, must be deleted.

article 33 applies only where respondent seeks to revoke, in whole or in part, a license issued under article 33 (68 NY2d 987). The administrative proceeding at issue herein must, therefore, be considered as having been conducted under Public Health Law article 1.

Insofar as petitioner's objection to the fines is based upon a claimed error in respondent's interpretation of what constitutes a violation for the purposes of the penalty authorized by Public Health Law § 12 (1), we find nothing irrational in respondent's determination (see, Matter of Howard v Wyman, 28 NY2d 434). Petitioner's claim of error arising out of the contents of the notice of hearing, however, is well taken. Public Health Law § 12-a contains no express requirement concerning the contents of the notice of hearing, but respondent's rules and regulations governing certain administrative proceedings require information adequate to permit calculation of the maximum penalty assessable if the facts are found to be as alleged (10 NYCRR 76.5 [b] [3]). It is not clear whether these regulations are directly applicable to this proceeding (see, 10 NYCRR 76.4), but since these regulations state that they were promulgated pursuant to Public Health Law § 12-a, they provide a clear expression of the type of notice necessary for all hearings under that statute. The notice herein is patently inadequate under this standard. While the notice states that petitioner is subject to possible fines of up to $1,000 for each violation, the statement of charges contains only five numbered paragraphs, alleging violations of Public Health Law article 33 and/or the rules and regulations promulgated thereunder. The record establishes that petitioner and his attorney defended the case on the theory that five violations had been alleged. The Hearing Officer also considered the case as involving only five alleged violations. It was not until respondent issued his final determination that any mention was made of multiple violations within the numbered paragraphs of the statement of charges. In these circumstances, even assuming that the procedure complied with the requirements of due process (see, Matter of Murray v Murphy, 24 NY2d 150), respondent's determination is arbitrary and capricious insofar as it imposed multiple penalties based upon the allegations of a single numbered paragraph of the statement of charges.

Determination annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.