■ SALVATORE A. VANNO, as Commissioner of the Department of Codes Enforcement of the City of Utica, Respondent, v RIVER MARKET COMMODITIES, INC., et al., Defendants, and UPSTATE HIDE AND SKIN CO., INC., Appellant.—Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in granting plaintiff a preliminary injunction. Plaintiff established that defendant Upstate Hide and Skin Co., Inc. operated an animal hide processing plant in violation of the city ordinance and a special zoning exception, which required that the operation be conducted entirely inside the building. Defendant used a dumpster and flatbed trailer situated outside the building to store animal hides and related waste for as long as 30 days. This created noxious odors and blood seepage constituting a public nuisance.

Acting on behalf of the City of Utica, plaintiff was entitled to a preliminary injunction based on defendant's violation of the ordinance and zoning exception. The city, as a municipality, is not required to demonstrate special damage or compliance with the traditional three-pronged test for injunctive relief (see, Moran v Village of Philmont, 147 AD2d 230, 234; City of New York v Cincotta, 133 AD2d 244, 245; Town of LaGrange v Giovenetti Enters., 123 AD2d 688, 689-690; City of New York v Bilynn Realty Corp., 118 AD2d 511, 512-513). Defendant's remaining contentions lack merit. (Appeal from order of Supreme Court, Oneida County, Grow, J.—preliminary injunction.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.