■ JAMES W. EGGERT et al., Appellants, v RUSSELL H. LEFEVER, JR., et al., Respondents. [635 NYS2d 857] —Order insofar as appealed from unanimously reversed on the law with costs, motion granted and first cause of action reinstated. Memorandum: Supreme Court erred in denying the motion of plaintiffs for a preliminary injunction and dismissing their first cause of action. Plaintiffs assert in their first cause of action that defendants, Russell H. LeFever, Jr., and Carl Vilardo, III, violated the Town of Westfield (Town) zoning ordinance by operating a construction/contracting business and storing equipment used in that business on land owned by LeFever in the Town's Residential-Agricultural (R-A) District. They allege that, despite due demand, the Town refused to take any action against defendants to enforce its zoning ordinance. Based on that refusal, plaintiffs in their first cause of action seek to enjoin defendants from violating the ordinance pursuant to Town Law § 268 (2). Plaintiffs moved for a preliminary injunction to enjoin and restrain defendants from occupying or using LeFever's land for storage and repair of equipment used in the contracting business.

In their answers, defendants allege that the Town, upon receipt of plaintiffs' written demand to enforce the ordinance, started the process to amend its zoning ordinance to permit building/construction contractor businesses as specially permitted uses in its R-A District. Defendants allege that, because the Town had taken action to remedy the violations, plaintiffs are barred from commencing a taxpayer's action under Town Law § 268 (2).

The court properly concluded that defendants' storage and repair of contracting equipment on LeFever's land violated the Town's zoning ordinance. The court, however, denied the motion for a preliminary injunction and dismissed the first cause

of action on the ground that the Town had commenced the process to amend its zoning ordinance, thereby precluding plaintiffs from commencing an action under Town Law § 268 (2). That was error.

Town Law § 268 (2) authorizes taxpayers to commence a proceeding upon the refusal of a town "to institute any such appropriate action or proceeding" to enforce its zoning ordinance. The Town's commencement of the process to amend the zoning ordinance does not constitute "any such appropriate action or proceeding" because it was not a reasonable means of enforcing the zoning ordinance (Town Law § 268 [2]; see, Envirogas, Inc. v Town of Westfield, 82 AD2d 117, 121-122). Plaintiffs, therefore, had the right to enforce the zoning ordinance through a taxpayer action. Because the record establishes that defendants violated the Town's zoning ordinance, plaintiffs are entitled to a preliminary injunction (see, City of New York v Bilynn Realty Corp., 118 AD2d 511); they are not required to meet the three-prong test generally applicable to requests for injunctive relief (see, Town of Oyster Bay v Sodomsky, 154 AD2d 455; City of New York v Bilynn Realty Corp., supra, at 512-513). Consequently, we reinstate the first cause of action and grant plaintiffs' motion for a preliminary injunction enjoining and restraining defendants from occupying or using LeFever's land for the storage and repair of equipment used in the contracting business. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Preliminary Injunction.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.