■ TOWN OF TULLY, Appellant, v VALLEY REALTY DEVELOPMENT COMPANY, INC., et al., Respondents. [677 NYS2d 843] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff, Town of Tully, appeals from an order that denied without a hearing its motion for a preliminary injunction enjoining defendants from conducting mining operations in the Town and vacated the temporary restraining order previously issued by Supreme Court.

In an action seeking enforcement of a zoning ordinance, plaintiff is entitled to a preliminary injunction if the record

establishes that defendant violated the zoning ordinance; plaintiff is "not required to meet the three-prong test generally applicable to requests for injunctive relief" (*Eggert v LeFever*, 222 AD2d 1043, 1044; *see, Vanno v River Mkt. Commodities*, 168 AD2d 979). Where, as here, plaintiff establishes such violation and defendants submit evidence sufficient to raise an issue of fact whether there was a preexisting nonconforming use, "the court shall make a determination by hearing or otherwise whether each of the elements required for issuance of a preliminary injunction exists" (CPLR 6312 [c]). Issues of fact exist whether defendants' mining operation is a preexisting nonconforming use and, concomitantly, whether plaintiff is entitled to a preliminary injunction. In light of the evidence presented by plaintiff, the court erred in summarily denying the motion for a preliminary injunction without holding a hearing (*see*, CPLR 6312 [c]; *Independent Health Assn. v Murray*, 233 AD2d 883, 884).

Contrary to defendants' contention, "the Mined Land Reclamation Law does not preempt a municipality's authority, by means of its zoning powers, to regulate or prohibit the use of land within its municipal boundaries for mining operations" (*Village of Savona v Knight Settlement Sand & Gravel*, 88 NY2d 897, 899; *see, Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 680-683). We also reject defendants' contention that the zoning law is ineffective because a zoning map was not filed with the Secretary of State (*see*, 1981 Opns St Comp No. 81-24, at 23).

Therefore, we modify the order by vacating the second ordering paragraph and remit this matter to Supreme Court for a hearing on the motion for a preliminary injunction. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Injunction.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.