■ In the Matter of HOLDEN'S HAULERS, Petitioner, v MADISON COUNTY DEPARTMENT OF SOLID WASTE AND SANITATION, Respondent. [780 NYS2d 201]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Madison County) to review a determination of respondent which found that petitioner violated Local Law No. 4 (2001) of the County of Madison.

Within a few months after the passage of a local law providing that all nonrecyclable solid waste collected within Madison County must be disposed of at the county landfill, petitioner—a business licensed to collect and dispose of solid waste in Madison County—stopped delivering waste there. When an investigation showed that petitioner was still collecting waste within the county, respondent cited it for collecting on 192 separate occasions in violation of the local law. After a hearing, respondent found petitioner guilty and imposed a $20,000 surcharge. Petitioner then brought this CPLR article 78 proceeding challenging respondent's actions as arbitrary, capricious, irrational and unsupported by substantial evidence. Supreme Court transferred the matter to this Court pursuant to CPLR 7804 (g).

At the heart of petitioner's challenge is the contention that respondent misapplied the local law by treating each individual collection—rather than each bulk disposal—of waste by petitioner as a separate violation. In our view, however, the

purpose of the local law here is to regulate the flow of solid waste—its collection, transport and disposal—within Madison County. Since no violation occurs until waste collected in the county is disposed of elsewhere, both collection and disposal are necessary elements. Petitioner does not dispute that the waste it collected was not disposed of within the county. Since there also is no dispute that the citations refer to collections from various customers at different places and times, the issue of improper multiplicity does not arise (*see e.g. People v Nailor,* 268 AD2d 695, 696 [2000]). Nor is there any requirement that violations be limited to the number of disposals. Even if all the waste collected were disposed of together, it could still reasonably be viewed as multiple violations of the local law, one for each collection of waste not properly disposed of at the county landfill. Thus, respondent's interpretation of the local law was not unreasonable, irrational or inconsistent (*see Matter of Howard v Wyman,* 28 NY2d 434, 437-438 [1971]; *Rakstis v Axelrod,* 126 AD2d 901, 903 [1987]).

As to the issue of substantial evidence, we note that petitioner does not dispute that there was proof of the essential elements of the violations as defined by respondent. The only facts cited by petitioner as being unproven are the dates when the collected waste was disposed of outside the county. Since there was undisputed proof that the waste was not disposed of at the county landfill, neither the dates nor places of actual disposal were relevant or necessary to establish the violations. Thus, the claimed lack of proof does not raise a substantial evidence question.

Petitioner's remaining arguments are similarly unavailing. Although petitioner claims that its due process rights were violated because respondent issued all of the citations at once without prior warning, the record makes clear that petitioner knew of the local law and its consequences before it went into effect, received the required notice and then had a full opportunity to be heard on the violations (*see Matter of Tyler v New York State Commr. of Motor Vehs.,* 284 AD2d 645, 646 [2001]; *Matter of Eden Park Health Servs. v Whalen,* 73 AD2d 993, 993 [1980]). Next, respondent did not abuse its discretion by disregarding a preexisting fee agreement between petitioner and an out-of-county waste disposal firm. Because the agreement merely guaranteed petitioner a tipping fee that was less than the fee charged at the county landfill and did not require petitioner to provide waste to the out-of-county firm, it would not have been breached if petitioner had complied with the local law. Nor does collateral estoppel apply, as that doctrine cannot

be invoked against a governmental agency to preclude it from performing its statutorily authorized duties or enforcing its laws, except in rare circumstances not present here (*see New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 130 [1990]; *Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369-370 [1988]).

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.