■ In the Matter of PETER J. SIRIANNO et al., Appellants, v TOWN OF POLAND ZONING BOARD OF APPEALS et al., Respondents. [791 NYS2d 756]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered December 31, 2003 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced a CPLR article 78 proceeding seeking to annul a determination of respondent Town of Poland Zoning Board of Appeals (ZBA) granting an area variance to Crown Atlantic Company, LLC (respondent) for a cellular telephone tower that was constructed in 1997. Upon our remittal of a related matter with respect to that tower in a prior appeal (*Sirianno v New York RSA No. 3 Cellular Partnership*, 284 AD2d 913 [2001]), Supreme Court determined that the location and height of the tower violated Town of Poland Code § 810 (5), but nevertheless stayed the proceeding to permit respondent the opportunity to apply for a variance from that ordinance. The court thereafter determined that the ZBA's finding that the tower did not present a safety hazard had a rational basis and was supported by substantial evidence, but nevertheless remitted the matter to the ZBA for further findings with respect to whether the proposed use of the tower was a public necessity. Upon its receipt of the ZBA's "supplemental findings," the court determined that the ZBA's decision to issue the area variance had a rational basis and was based upon substantial evidence. We agree and therefore affirm the judgment.

Contrary to petitioners' contention, the ZBA's determination that it "would be impractical" to apply Local Law No. 3 (2001) of Town of Poland to respondent's application for an area variance "was not unreasonable, irrational or inconsistent" (*Matter of Holden's Haulers v Madison County Dept. of Solid Waste & Sanitation*, 9 AD3d 593, 594 [2004]; *see generally Matter of Howard v Wyman*, 28 NY2d 434, 437-438 [1971], *rearg denied* 29 NY2d 749 [1971]). We reject petitioners' further contention that, because respondent admits that it did not investigate the use of other specific sites for the relocation of the tower, the court erred in determining that the findings of the ZBA were based upon substantial evidence. The ZBA found, inter alia, that in order to provide adequate cellular service and comply with the requirements of Town of Poland Code § 810 (5), the construction of more than one tower would be necessary; that the removal of the tower and the construction of new towers would be "excessively expensive"; and that, because of the extent of the cellular telephone service that could be provided to area roads and Interstate Route 86 from the existing location, "the [e]xisting [t]ower in its present location is the best alternative available." We therefore conclude that the "ZBA's determination to issue an area variance . . . has a rational basis and is supported by substantial evidence" (*Matter of Lloyd v Town of Greece Zoning Bd. of Appeals* [appeal No. 1], 292 AD2d 818, 819 [2002], *lv dismissed in part and denied in part* 98 NY2d 691 [2002], *rearg denied* 98 NY2d 765 [2002]). We have reviewed

petitioners' remaining contention and conclude that it is without merit. Present—Green, J.P., Scudder, Gorski, Martoche and Pine, JJ.