■ In the Matter of ROBERT SMALL, Appellant, v CITY OF NEW YORK DEPARTMENT OF SANITATION et al., Respondents. [901 NYS2d 552]—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Environmental Control

Board dated June 12, 2008, which confirmed a determination of a hearing officer, made after a hearing, that the petitioner obstructed the sidewalk in violation of Administrative Code of the City of New York § 16-118 (2) (a) on September 16, 2007, and November 25, 2007, the petitioner appeals from a judgment of the Supreme Court, Queens County (Cullen, J.), entered May 20, 2009, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Generally, judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence (see CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]; *Matter of 105 Northgate Coop. v Donaldson*, 54 AD3d 414, 416 [2008]; *Matter of New Venture Gear Inc. v New York State Div. of Human Rights*, 41 AD3d 1265, 1266 [2007]). Here, the petitioner seeks review of an administrative determination made by the New York City Environmental Control Board (hereinafter the ECB) after a hearing required by law, and at which evidence was taken (see CPLR 7803 [4]). However, the petition does not challenge the ECB's determination on the ground that it was unsupported by substantial evidence, but alleges only constitutional violations and other legal error. Accordingly, our review is limited to whether the ECB's determination was arbitrary and capricious because it exceeded the ECB's statutory "authority or [was made] in violation of the Constitution or the laws of this State" (*Matter of Pasieka v New York City Tr. Auth.*, 31 AD3d 769, 770 [2006]; see *Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.*, 78 NY2d 318, 324 [1991]; *Matter of Lipani v New York State Div. of Human Rights*, 56 AD3d 560, 561 [2008]).

The petitioner failed to establish that the ECB's determination exceeded its statutory authority or was made in violation of the Constitution or the laws of this State. Thus, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding (see *Matter of Pasieka v New York City Tr. Auth.*, 31 AD3d at 770; cf. *Matter of Lipani v New York State Div. of Human Rights*, 56 AD3d at 561). Rivera, J.P., Florio, Miller and Austin, JJ., concur.