*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                517789
_____

In the Matter of SYRACUSE
    HAULERS WASTE REMOVAL,
    INC.,
                    Appellant,

        v                                MEMORANDUM AND ORDER

MADISON COUNTY DEPARTMENT OF
    SOLID WASTE AND SANITATION
    et al.,
                    Respondents.
_____

Calendar Date:  September 10, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

        Edward A. O'Hara III, Syracuse, for appellant.

        Buchan & Sutter, PC, Constantia (Sharon A. Sutter of counsel), for respondents.

_____

Rose, J.

        Appeal from a judgment of the Supreme Court (Cerio, J.), entered December 12, 2012 in Madison County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Madison County Board of Hearing finding that petitioner violated Local Law No. 3 (2004) of the County of Madison.

        Petitioner is a commercial waste hauler holding a permit from the Department of Environmental Conservation (hereinafter DEC) and a license to collect and dispose of commercial waste in

Madison County.  When petitioner collected 16 loads of construction debris from two building renovation sites in the County and failed to deliver them to the County's landfill for disposal, respondent Madison County Department of Solid Waste and Sanitation cited petitioner for violating the flow control provisions of Local Law No. 3 (2004) of the County of Madison. After a hearing, respondent Madison County Board of Hearing (hereinafter the Board) found that petitioner had violated Local Law No. 3.  Petitioner then commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging the Board's interpretation of Local Law No. 3. Supreme Court dismissed the petition, and petitioner appeals.  We affirm.

As relevant here, section III (4) (a) of Local Law No. 3 provides that "[a]ll [w]aste [c]ollectors . . . shall deliver all . . . [c]onstruction and [d]emolition [d]ebris generated within the County, other than . . . [r]ecyclables separated at the point of generation for separate collection, to the County [l]andfill for disposal."  Construction and demolition debris is defined as "[s]olid [w]aste resulting from construction, remodeling, repair and demolition of structures . . . buildings and land clearing. Such wastes include, but are not limited to, bricks, concrete and other masonry materials" (Local Law No. 3 [2004] of County of Madison § I [f]).

Relying on petitioner's own billing description of the 16 loads removed from the County, the Board determined that they contained construction and demolition debris as defined by the statute, rather than recyclables separated at the point of generation.  Notably, petitioner does not dispute the Board's factual findings or seek to challenge the determination on substantial evidence grounds.  Instead, petitioner challenges the Board's interpretation of Local Law No. 3 as unreasonable, claiming that because most of the contents of the loads were ultimately recycled, the loads were in fact separated from other forms of solid waste at the point of generation.  Our review, however, is limited to whether the Board exceeded its authority, violated the local law or acted in an arbitrary and capricious manner (see CPLR 7803 [3]; Matter of Protect the Adirondacks! Inc. v Adirondack Park Agency, 121 AD3d 63, 70 [2014]; Matter of

Small v City of N.Y. Dept. of Sanitation, 74 AD3d 828, 829 [2010]).  In view of the Board's finding that the 16 loads were construction debris, and not recyclables, we cannot say that its interpretation of Local Law No. 3 requiring construction debris to be delivered to the Madison County Landfill was "without sound basis in reason and . . . without regard to the facts" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; see Matter of Aides at Home, Inc. v State of N.Y. Workers' Compensation Bd., 76 AD3d 727, 728 [2010]; Matter of Holden's Haulers v Madison County Dept. of Solid Waste & Sanitation, 9 AD3d 593, 594 [2004]).

Nor do we find any merit to petitioner's contention that the requirements of Local Law No. 3 are superceded by the Environmental Conservation Law and DEC policy in favor of recycling.  Pursuant to ECL 27-0711, local laws governing municipal solid waste management and recycling that are stricter than the state legislation, but not inconsistent with it, are explicitly permitted (see Town of Concord v Duwe, 4 NY3d 870, 873 [2005]; Town of LaGrange v Giovenetti Enters., 123 AD2d 688, 689 [1986]).  Moreover, petitioner's own DEC permit requires it to comply with all local laws.  Inasmuch as petitioner failed to establish that the Board's determination exceeded its authority or was made in violation of law, Supreme Court properly dismissed the petition.

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court