517 So.2d 420 (1987)
Thomas ANNISON, et al.
v.
Herbert HOOVER, et al.
No. 86CA1534.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
Writ Denied February 12, 1988.
*421 Larry Starns, Denham Springs, for plaintiff.
Calvin Fayard, Denham Springs, for defendant Herbert Hoover.
C. Michael Hart, Baton Rouge, for defendant Gulf States.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
Plaintiffs, Thomas and Daniel Annison, appeal the trial court's decision dismissing plaintiffs' claims and granting judgment in favor of the defendants; City of Denham Springs, its Mayor and Aldermen.
On December 13, 1977, the Board of Aldermen of the City of Denham Springs, in a special meeting, adopted Ordinance Number 640, which annexed approximately 34 acres into the City of Dehnam Springs. Land owned by the plaintiffs was included in the annexation. The plaintiffs objected to the annexation at various public hearings held prior to the annexation. The annexed land was zoned "R-1", residential, by the City Planning and Zoning Committee. This residential classification prohibited the installation of trailer parks.
On or about November 22, 1977, the plaintiffs filed in the conveyance records of Livingston Parish, subdivision restrictions on plaintiffs' property which restrictions stated that the property was to be used for the purposes of "commercial, multi-housing development and/or mobile home sites."
At the time of annexation the plaintiffs were receiving lot rental payments for three mobile homes located on their property. Plaintiffs later rented two additional mobile home lots. However, plaintiffs were unable to obtain the necessary permits *422 to supply water and utility services to the two additional mobile homes placed on these lots.
Subsequently, the Board of Aldermen of the City of Denham Springs passed Section 11:300 of Ordinance Number 656 which contained restrictions on the use of mobile homes within the city limits.
On March 3, 1983, plaintiffs filed a writ of mandamus requesting city officials to authorize permits necessary to supply water and utility services to the additional mobile homes. The action was converted to ordinary proceedings and a trial on the merits was held on March 17, 1986.
The trial court rendered judgment in favor of the defendants and dismissed the plaintiffs' demands.[1]
Appellants specify the following assignments of error:
I. The trial court erred in failing to find that the defendant improperly zoned appellants' property as "R-1."
II. The trial court erred in failing to find that Section 11:300 of Ordinance Number 656 of the City of Denham Springs was unconstitutional.
III. The trial court erred in failing to find that the City of Denham Springs denied appellants the use of their property, thereby entitling appellants to damages.
By assignments of error one and two appellants allege error in the trial court's determination that the actions of the City in zoning the property in question as "R-1" was proper and that Section 11:300 of Ordinance Number 656 was constitutional. Appellees argue that there is no provision of Louisiana law which prohibits a municipality from placing restrictions upon a landowner's property which are more stringent than pre-existing covenants placed upon the land by its owner. We agree. By Article 1, Section 4 of the Louisiana Constitution, "[e]very person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of police power." Every person holds his property subject to the valid exercise of police power. The adoption of a regulatory ordinance or the implementation of zoning are examples of the valid exercise of police power. The proper exercise of police power does not violate the due process of law clauses of the state and Federal Constitutions. See Ransome v. Police Jury of Parish of Jefferson, 216 La. 994, 45 So.2d 601 (1950).
Appellants cite Bruce v. Simonson Investments, Inc., 197 So.2d 754 (La.App. 4th Cir.), writ denied, 250 La. 922, 199 So.2d 923 (1967), and Hammons v. Parish of East Baton Rouge, Department of Public Works, Permit Division, 461 So.2d 1225 (La.App. 1st Cir.1984), in support of their allegations of impropriety and unconstitutionality. These decisions are not on point with the case at bar. Neither of these cases address the questions raised by appellants' first two specifications of error. Both cases involved the easing of pre-existing covenants and restrictions as opposed to the placement of more stringent restrictions on the property.
Zoning ordinances neither terminate nor supersede existing building restrictions. However, where subdivision building restrictions are more restrictive than zoning ordinances, the building restrictions will govern. Cabibi v. Jones, 391 So.2d 461 (La.App. 4th Cir.1980). The inverse is also true that if zoning ordinances are more restrictive than subdivision building restrictions, the more stringent ordinance will govern.
We find no merit in assignments of error one and two.
By assignment of error number three, appellants argue that they are entitled to damages for loss of use of their property. We do not know if appellants intended to *423 raise the question of inverse condemnation by this argument but we note that the United States Supreme Court in First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, California, ___ U.S. ___, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), has recently held that a governmental taking may occur without formal proceedings and that such proceedings may come in the form of zoning or rezoning. The court also held that if a regulatory taking occurs, the landowner is entitled to compensation as of the time of the taking and later invalidation of the ordinance is an insufficient remedy for the taking.
Language of the Fifth Amendment of the Federal Constitution and of Article 1, Section 4 of the Louisiana Constitution provides in part that private property shall not be taken for public use without just compensation. This does not prohibit public taking but places conditions upon public taking. It is clear that regulatory takings and physical takings are very different. Physical takings are easily identifiable while regulatory takings may or may not be. Additionally, regulatory programs that affect property values may or may not constitute takings. We hold that a regulatory program that adversely affects property values does not constitute a taking unless it destroys a major portion of the property's value. Id. ___ U.S. at___, 107 S.Ct. at 2393, 96 L.Ed.2d at 272 (Stevens, J., dissenting). See Bituminous Coal Association v. DeBenedictis, 480 U.S. ___, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987); Agins v. Tiburon, 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980). Therefore, we must first determine whether there has been a governmental taking by virtue of the annexation, subsequent zoning and adoption of the ordinance. A taking has occurred if there has been a substantial diminution in value to such an extent that there has been a destruction of a major portion of the property's value. If we find there has been a destruction of a major portion of the property's value, then and only then can we consider the question of compensation.
The record before us is not sufficiently complete for us to be able to pronounce whether or not a taking has occurred. Therefore, we remand to the trial court for further consideration of whether or not a taking has occurred. An appellate court can remand an action for proper consideration, when the record is so incomplete that the court is unable to pronounce definitely on presented issues. Crews v. Crews, 432 So.2d 377 (La.App. 1st Cir. 1983).
For the above and foregoing reasons, we affirm that portion of the trial court's decision that zoning was proper and that the ordinance was constitutional. We remand to the district court for further proceedings on the question of inverse condemnation. Costs of this appeal shall be shared equally by appellants and appellees. All other costs shall await final determination.
AFFIRMED IN PART AND REMANDED.
NOTES
[1] While the record clearly reflects plaintiffs' failure to exhaust their administrative remedies; it also reflects defendants' failure to raise this as a defense either in their answer or by exception. Failure to exhaust administrative remedies as a defense may be raised by answer, by dilatory exception pleading prematurity or by peremptory exception of no cause of action. Steeg v. Lawyers Title Ins. Co., 329 So.2d 719 (La.1976).