■ In the Matter of ROBERT KEMP et al., Appellants, v ZONING BOARD OF APPEALS OF THE VILLAGE OF WAPPINGERS FALLS, Respondent, and TONY RABADI, Respondent. [628 NYS2d 187] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Wappingers Falls dated August 10, 1993, which, after a

hearing, granted the respondent Tony Rabadi a use variance, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated February 18, 1994, which dismissed the petition on the ground that the petitioners lacked standing.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly concluded that the appellants failed to establish that the variance in question caused them an injury within the "zone of interests" protected by zoning regulations, inasmuch as the only potential injury suggested in the record is an increase in business competition (see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 414-415; Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9). Absent demonstration of some other injury, the appellants lack standing to challenge the variance, regardless of their proximity to the applicant's property (see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra, at 414). Copertino, J. P., Santucci, Altman and Krausman, JJ., concur.