■ In the Matter of WANDA McCABE et al., Appellants, v WILLIAM MINICOZZI et al., Respondents. [643 NYS2d 128] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Lindenhurst dated May 17, 1993, which granted an application for a use variance to permit storage of damaged and/or dismantled vehicles, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Rohl, J.), dated January 23, 1995, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly dismissed the appellants' petition to review a determination of the Zoning Board of Appeals of the Village of Lindenhurst (hereinafter the ZBA) on the basis that the appellants were not aggrieved, and thus, lacked standing (*see,* Village Law § 7-712-c). The record establishes that the appellants failed to sufficiently demonstrate that they "sustained special damage, different in kind and degree from the community generally" as a result of the determination of the ZBA (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 413), or that their respective properties were in "close proximity" to the subject parcel entitling them to an inference of injury sufficient to provide standing (*see, Matter of Darlington v City of Ithaca,* 202 AD2d 831; *Matter of Casement v Town of Poughkeepsie Planning Bd.,* 162 AD2d 685; *Matter of Burns Pharmacy v Conley,* 146 AD2d 842).

The appellants' remaining contentions are either without merit or need not be addressed in light of our determination. Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.