■ CAROLINE SCANNELL et al., Appellants, v TOWN BOARD OF THE TOWN OF SMITHTOWN et al., Respondents. FMV SMITHTOWN ASSOCIATES, Proposed Intervenor-Respondent. [673 NYS2d 449] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Smithtown dated October 22, 1996, which granted the application of the proposed intervenor-respondent FMV Smithtown Associates for a zoning change, which proceeding was converted by the court into a declaratory judgment action, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 10, 1997, which, *inter alia,* determined that the plaintiffs lacked standing, and thereupon dismissed the complaint.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly dismissed the complaint on the ground that the plaintiffs lacked standing. The record establishes that the plaintiffs failed to sufficiently demonstrate that they "sustained special damage, different in kind and degree from the community generally" as a result of the determinations (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 413; *see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428). The only potential injury suggested in the record is an increase in business competition, which is insufficient to qualify for standing (*see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra; Matter of Kemp v Zoning Bd. of Appeals,* 216 AD2d 466). Absent demonstration of some other injury, the plaintiffs lack standing to challenge the zoning change, regardless of their purported proximity to the property of FMV Smithtown Associates (*see, Matter of Kemp v Zoning Bd. of Appeals, supra,* at 467; *Matter of McCabe v Minicozzi,* 227 AD2d 487). Mangano, P. J., Rosenblatt, Joy and Krausman, JJ., concur.