◼ GWENETH M. WILLIAMS et al., Appellants, v ROALD HERTZWIG et al., Respondents. [675 NYS2d 113] —In an action to permanently enjoin the defendants from maintaining and operating an illegal dog kennel upon their property, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated October 6, 1997, which denied their motion for a preliminary injunction and vacated the temporary restraining order which was issued on July 15, 1997.

Ordered that the order is reversed, with costs, the plaintiffs' motion for a preliminary injunction is granted, and the matter is remitted to the Supreme Court, Dutchess County, to fix the amount of the undertaking to be provided by the plaintiffs (*see*, CPLR 6312 [b]).

The plaintiffs have owned and resided on real property in the Town of Pawling for over 50 years. In 1995, the defendants purchased the property adjoining the plaintiffs' property and

erected and currently maintain a dog kennel with connected outdoor dog runs to allow the dogs they breed to move freely between the kennel building and the outdoor runs. According to the plaintiffs, whenever a person or animal ventures within the sight or hearing of the numerous dogs residing in the kennel, the dogs bark incessantly, which prevents the plaintiffs from enjoying the peaceful and quiet use of their home.

Although the defendants attempted to obtain a special use permit in order to bring the kennel within the zoning requirements of the Town of Pawling, the Town of Pawling Zoning Board of Appeals denied the application. Nevertheless, the defendants continued to operate the illegal facility. As a result, the plaintiffs commenced the instant action, *inter alia,* for injunctive relief. The Supreme Court denied the plaintiffs' motion for a preliminary injunction on the ground that the plaintiffs had failed to establish their standing to enforce the zoning code in a private action with evidence that the value of their real property had been depreciated by the adjoining illegal use. We disagree with the Supreme Court's conclusion, and determine, instead, that the plaintiffs have standing to maintain the action and that they are entitled to a preliminary injunction.

In order to maintain a private action to enjoin a zoning violation, a plaintiff must establish that he or she has standing to do so by demonstrating that special damages were sustained due to the defendant's activities (*see, Little Joseph Realty v Town of Babylon,* 41 NY2d 738). An allegation of close proximity may give rise to an inference of injury enabling a nearby property owner to maintain an action without proof of actual injury (*see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 414; *see also, Matter of McCabe v Minicozzi,* 227 AD2d 487; *Matter of Parisella v Town of Fishkill,* 209 AD2d 850). Since it is undisputed that the plaintiffs' property is adjacent to the defendants' property, the plaintiffs' "proximity" allegations in the petition are sufficient to establish standing.

Moreover, since the record indicates that the Town of Pawling Zoning Board of Appeals denied the defendants' application for a zoning variance in order to continue the use of the property as a commercial dog kennel, the plaintiffs have made a strong showing that they will prevail on the merits of this action (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *see also, Grant Co. v Srogi,* 52 NY2d 496, 517; *Northeast Hotel Assocs. v National Adv. Co.,* 155 AD2d 520). Furthermore, the record discloses that the plaintiffs will suffer irreparable injury absent

preliminary injunctive relief and that the balance of equities is in the plaintiffs' favor (see, Aetna Ins. Co. v Capasso, supra, at 862; see also, Grant Co. v Srogi, supra, at 517). Accordingly, we reverse the order of the Supreme Court and grant the plaintiffs' motion for a preliminary injunction preventing the defendants from operating the dog kennel on their property during the pendency of this action. Bracken, J. P., Copertino, McGinity and Luciano, JJ., concur.