■ In the Matter of ROCKLAND HOSPITALITY ASSOCIATES, LLC, et al., Appellants, v RICHARD J. PARIS et al., Respondents. TRI-MURTI ASSOCIATES, LLC, Intervenor-Respondent. [756 NYS2d 585] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Clarkstown, dated July 26, 2001, which granted final site plan approval to Tri-Murti Associates, LLC, to demolish its existing hotel and replace it with two separate hotels, the petitioners appeal from so much of (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated December 5, 2001, as granted that branch of the motion of Tri-Murti Associates, LLC, which was to dismiss the petition, and (2) a judgment of that same court, dated January 28, 2002, as dismissed the petition.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents-respondents and intervenor-respondent appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly dismissed the proceeding on

the ground that the petitioners lacked standing. The petitioners failed to sufficiently demonstrate that they "sustained special damage, different in kind and degree from the community generally" as a result of the determination of the Planning Board of the Town of Clarkstown (hereinafter the Planning Board) (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 413 [1987]; *see Scannell v Town Bd. of Town of Smithtown,* 250 AD2d 832 [1998]; *Matter of McCabe v Minicozzi,* 227 AD2d 487 [1996]; *Matter of Kemp v Zoning Bd. of Appeals of Vil. of Wappingers Falls,* 216 AD2d 466 [1995]). The only potential injury suggested in the record is an increase in business competition, which is insufficient to confer standing on a party (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra*; *Scannell v Town Bd. of Town of Smithtown, supra*; *Matter of Kemp v Zoning Bd. of Appeals, supra*). Absent demonstration of some other injury, the petitioners lack standing to challenge the Planning Board's determination, regardless of their purported proximity to the property of Tri-Murti Associates, LLC (*see Scannell v Town Bd. of Town of Smithtown, supra*; *Matter of Kemp v Zoning Bd. of Appeals, supra* at 467; *Matter of McCabe v Minicozzi, supra*).

In light of our determination, we need not reach the petitioners' remaining contentions. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.