■ Victor J. Zupa et al., Appellants, v Paradise Point Association, Inc., Respondent. [803 NYS2d 179]—

In an action, inter alia, for a permanent injunction, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Catterson, J.), entered April 5, 2004, which upon the granting of the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint for lack of standing to maintain the common-law cause of action to enjoin the alleged zoning ordinance violations and to enjoin the private nuisance cause of action insofar as asserted by Victor J. Zupa and Mary S. Zupa; as so modified, the judgment is affirmed, without costs or disbursements, and the causes of action insofar as asserted by Victor J. Zupa and Mary S. Zupa to enjoin the alleged zoning ordinances and to enjoin the public nuisance are reinstated.

The plaintiffs Victor Zupa and Mary Zupa have standing to maintain a common-law cause of action to enjoin the defendant, the Paradise Point Association, Inc. (hereinafter PPA), from its alleged violations of the Town of Southold zoning ordinances regarding its operation of a private marina in a basin which abuts the properties owned by the Zupas. Generally, to maintain a private action at common law to enjoin a zoning violation, a plaintiff must establish that he or she has standing to do so by demonstrating that special damages were sustained due to the defendant's activities (see *Little Joseph Realty v Town of Babylon*, 41 NY2d 738 [1977]). It is well settled that "to establish special damage it is necessary to show that there is some depreciation in the value of the premises as real property arising from . . . the forbidden use" (*Cord Meyer Dev. Co. v Bell Bay Drugs*, 20 NY2d 211, 218 [1967]). Yet, standing principles, which are in the end matters of policy, should not be heavy-

handed (*id.; see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414 [1987]), and in zoning litigation in particular, it is desirable that land use disputes be resolved on their own merits rather than by preclusive, restrictive standing rules (*id.*). Thus, an allegation of close proximity may give rise to an inference of injury enabling a nearby property owner to maintain an action without proof of actual injury (*id.; see Williams v Hertzwig*, 251 AD2d 655 [1998]). In other words, when the premises that are the subject of the zoning violation are in close proximity to a party's property, a loss of value may be presumed from the depreciation of the character of the immediate neighborhood, and the party need not allege specific injury (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 409-410; *Golden v Steam Heat*, 216 AD2d 440 [1995]; *Matter of Prudco Realty Corp. v Palermo*, 93 AD2d 837 [1983], *affd on other grounds* 60 NY2d 656 [1983]). However, close proximity alone is insufficient to confer standing (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 410; *Scannell v Town Bd. of Town of Smithtown*, 250 AD2d 832 [1998]). A close neighbor must also demonstrate that his or her interest is within the "zone of interest" protected by the zoning laws to establish standing to enjoin a zoning ordinance violation (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, supra* at 410). Zoning ordinances are enacted to protect the health, safety, and welfare of the community (*id.* at 412).

Here, the plaintiffs Victor Zupa and Mary Zupa established that their properties were in close proximity to the boat basin, and that their interests were within the zone of interest to be protected by the zoning ordinances alleged to be violated by the PPA's operation of the private marina in the boat basin abutting the Zupas' property. The zoning ordinances which are allegedly violated prohibit, inter alia, excessive lights, noise, pollution, and smoke in residential areas (*see* Southold Town Code §§ 97-20, 97-27, 100-237, 100-241). Since the Zupas' properties are subject to such excessive light, noise, pollution, and smoke, their interests are within the zone of interest to be protected by the ordinances (*see Williams v Hertzwig, supra; Matter of Parisella v Town of Fishkill*, 209 AD2d 850 [1994]). Accordingly, they have standing to maintain a common-law cause of action to enjoin the zoning violations without establishing special damages.

Furthermore, the plaintiffs Victor Zupa and Mary Zupa have standing to maintain a private nuisance cause of action since

they allege interference with the use or enjoyment of their land (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 568-569 [1977]).

Thus, the plaintiffs Victor Zupa and Mary Zupa have standing to maintain a cause of action to enjoin the PPA's alleged zoning violations and a private nuisance cause of action.

By contrast, the plaintiff James Miller, whose property is located more than one-half mile away from the basin at issue, has no standing under any of the causes of action asserted in the complaint since he failed to establish special damages, is not in close proximity to the basin, is not aggrieved by the PPA's marina activity pursuant to Town Law § 268 (2), and cannot demonstrate that his use and enjoyment of his land is disturbed by the PPA's marina activities (*see* Town Law § 268 [2]; *Copart Indus. v Consolidated Edison Co. of N.Y., supra; Guzzardi v Perry's Boats*, 92 AD2d 250 [1983]).

The parties' remaining contentions are without merit. Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.