978 So.2d 952 (2007)
Craig A. MAJOR and Patrice R. Major
v.
POINTE COUPEE PARISH POLICE JURY and The Parish of Pointe Coupee.
No. 2007 CA 0666.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
*954 David M. Cohn, D. Brian Cohn, Baton Rouge, LA, for Plaintiffs/Appellants, Craig A. Major and Patrice R. Major.
Leo C. Hamilton, John M. Madison, III, Baton Rouge, LA, for Defendants/Appellees, Pointe Coupee Parish Police Jury and the Parish of Pointe Coupee.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
CARTER, C.J.
This appeal challenges a trial court judgment sustaining a peremptory exception raising the objection of a partial no cause of action rendered by the trial court on January 10, 2007. The trial court's ruling was in favor of defendants, Pointe Coupee Parish Police Jury and the Parish of Pointe Coupee (collectively referred to as "the Parish") and against plaintiffs, Craig A. Major and Patrice R. Major ("the Majors"). Essentially, the trial court held that the Majors failed to state a cause of action for their "unconstitutional taking" claim associated with the Parish's passage of a November 8, 2005 Resolution ("the Resolution"). The Resolution prohibited Federal Emergency Management Agency ("FEMA") trailer parks for displaced evacuees of Hurricanes Katrina and Rita from being created in Pointe Coupee Parish. The trial court certified the judgment as final for appeal purposes.[1] The Majors appeal, maintaining that the trial court erred in failing to consider that the allegations in their supplemental and amending petition stated a cause of action for the unconstitutional taking of their property that occurred without compensation. For the following reasons, we find no error in the trial court's judgment.

BACKGROUND
The Majors own approximately 839 acres of rural land located in Pointe Coupee Parish. After Hurricanes Katrina and Rita devastated parts of the State of Louisiana in August and September 2005, the Majors attempted to negotiate a sale of their property to an out-of-state purchaser who was interested in creating a FEMA trailer park on the property. Allegedly, FEMA also expressed an interest in the Majors' property as a potential site for a FEMA trailer park. After the Parish passed the November 2005 Resolution prohibiting the creation of FEMA trailer parks within Pointe Coupee Parish, the prospective purchaser of the Majors' property was no longer interested in negotiating the sale, and FEMA was no longer interested in pursuing the placement of any trailer parks for housing hurricane *955 evacuees anywhere within Pointe Coupee Parish.
On May 11, 2006, the Majors filed a petition against the Parish seeking injunctive relief against the enforcement of the Resolution, alleging damages resulting from the Parish's negligent passage of a discriminatory Resolution, and claiming that the Parish's Resolution amounted to an unconstitutional regulatory taking of their property without compensation. The Parish responded by filing an answer denying the negligence and discrimination allegations and filing a peremptory exception raising the objection of no cause of action as to the taking claim.
The trial court sustained the Parish's exception, but gave the Majors an opportunity to file an amended petition in order to state a cause of action regarding the regulatory taking claim. On October 17, 2006, the Majors filed a first supplemental and amending petition, adding additional paragraphs alleging that after the hurricanes, their property was more valuable than at any other time, but only if utilized as a FEMA trailer park.[2] Further, the Majors alleged that the Parish's passage of the Resolution eliminated the most significant and practical use of their property, thereby destroying a major portion of their property's value. The Parish responded by filing a renewed peremptory exception raising the objection of a partial no cause of action, arguing that the Majors still had not alleged any facts that afforded them a remedy in law for the unconstitutional taking of their property. The Parish maintained that because the Majors had not alleged that their property was otherwise restricted, the property still had value and could have practical uses other than as a FEMA trailer park. After a hearing was held, the trial court ruled in favor of the Parish, again sustaining the exception and dismissing the Majors' regulatory taking claim. The Majors appealed.

DISCUSSION
The narrow issue presented in this case is whether the Majors' amended petition states a cause of action against the Parish such that their claim for an unconstitutional regulatory taking of their property without compensation should be allowed to proceed to trial. This issue requires us to focus on the effect of the Resolution, rather than its validity.
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendants. Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 118. The Louisiana Supreme Court recently outlined the law pertaining to peremptory exceptions raising the objection of no cause of action in Badeaux v. Southwest Computer Bureau, Inc., 05-0612 (La.3/17/06), 929 So.2d 1211, 1217, as follows:
[A]n exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The exception is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. In reviewing a district court's ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition. An exception of no cause of action should be *956 granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. (Citations omitted.)
No evidence may be introduced to support or controvert an exception of no cause of action. LSA-C.C.P. art. 931. Consequently, the issue in this case is whether, on the face of the petition, the Majors are legally entitled to relief for their claim that the Parish's Resolution amounted to an unconstitutional regulatory taking of their property for a public purpose without compensation under the Fifth Amendment of the United States Constitution and Article I, § 4 of the Louisiana Constitution. Louisiana has a system of fact pleading; therefore, it is not necessary for a plaintiff to plead the theory of the case in the petition. Ramey, 869 So.2d at 118. However, mere conclusions unsupported by facts do not set forth a cause of action. Id.
Accepting all of the allegations in the Majors' amended petition as true and applying the legal principles as set forth above, we find that the Majors' amended petition fails to allege facts sufficient to state a cause of action for a regulatory taking. The Majors' allegations of fact do not show that they had a contract for the sale of their property in order that a FEMA trailer park could be built prior to the passage of the Parish's Resolution that prohibited FEMA trailer parks in Pointe Coupee Parish. The allegations do not demonstrate that the Resolution so diminished the value of a major portion of the property as to leave the Majors, in effect, with nothing of value. Further, the Majors do not allege that the sale of their property was impracticable for any other purpose or that any other potential use of their property was foreclosed because of the Resolution. Rather, the Majors' allegations of fact are based upon pure speculation that had the Resolution not been passed, they would have been able to sell their property to some unnamed potential purchaser for the purpose of creating a FEMA trailer park. Pleadings that establish only possibility, speculation, or unsupported probability do not suffice to establish a cause of action. See Todd v. State Through Dept. of Social Services, Office of Community Services, 96-3090 (La.9/9/97), 699 So.2d 35, 43.
A regulatory taking occurs when the government regulation destroys a major portion of the property's value or eliminates the practical economic uses of the property. Standard Materials, Inc. v. City of Slidell, 96-0684 (La.App. 1 Cir. 9/23/97), 700 So.2d 975, 984; Layne v. City of Mandeville, 633 So.2d 608, 610 (La.App. 1 Cir.1993), writ denied, 94-0268 (La.3/25/94), 635 So.2d 234; Annison v. Hoover, 517 So.2d 420, 423 (La.App. 1 Cir.1987), writ denied, 519 So.2d 148 (La. 1988). However, an unconstitutional taking of private property does not result merely because the owner is unable to develop it to its maximum economic potential. Standard Materials, 700 So.2d at 984; State, Dept. of Social Services v. City of New Orleans, 95-1757 (La.App. 4 Cir. 5/29/96), 676 So.2d 149, 154, writ denied, 96-2143 (La.11/8/96), 683 So.2d 278. Only if the regulation deprives a property owner of all practical use of his property without compensation, will an unconstitutional taking have occurred. Id.; See also *957 Layne v. City of Mandeville, 633 So.2d at 610.
While we recognize that the Resolution at issue in this case may not allow the Majors to achieve the maximum economic potential for their property if it were to be developed as a FEMA trailer park at FEMA's expense, we find that the Resolution as applied to the Majors does not substantially reduce the economic value of their property and its potential utility. The possibility of creating a mobile home or trailer park or some other housing development on the Majors' property is still viable, as long as the development is not a FEMA trailer park. Likewise, the possibility of selling the property to an out-of-state investor or some other purchaser is still viable. Thus, the Majors have not been deprived of all practical uses for their property or their opportunities to sell or lease their property for a profit as a consequence of the Parish's Resolution. They have only been denied possible income or profit that they expected to realize if they had sold their property to the out-of-state purchaser who was then going to create a FEMA trailer park. The frustration of speculative economic gain or a lost prospective business opportunity is not a taking. See United States v. Grand River Dam Authority, 363 U.S. 229, 236, 80 S.Ct. 1134, 1138-1139, 4 L.Ed.2d 1186 (1960). The denial of one avenue of selling or developing property does not amount to a taking. See Lakeshore Harbor Condominium Development v. City of New Orleans, 603 So.2d 192, 196 (La.App. 4 Cir. 1992). Likewise, the reduction in the value of property when considering one of its possible uses is not necessarily equated with a taking. Andrus v. Allard, 444 U.S. 51, 66, 100 S.Ct. 318, 327, 62 L.Ed.2d 210(1979).
Accordingly, we hold that the Majors' amended petition does not state a cause of action for an unconstitutional regulatory taking. We also find that the Majors will not be able to amend their petition to establish such facts that a major portion of their property's value has been destroyed or that all practical utility of their property has been eliminated as a result of the Resolution. The Resolution did not prohibit the Majors from selling or developing their property; it simply prohibited the possible development of a FEMA trailer park on their property. Thus, the Majors need not be given leave to amend their petition. See LSA-C.C.P. art. 934; Badeaux, 929 So.2d at 1219; Ramey, 869 So.2d at 119-120.

DECREE
For the reasons discussed, the January 10, 2007 trial court judgment sustaining the Parish's peremptory exception raising the objection of a partial no cause of action is affirmed. All costs of this appeal are to be paid by plaintiffs-appellants, Craig A. Major and Patrice R. Major.
AFFIRMED.
NOTES
[1] Based on our de novo review of the trial court's certification of the judgment by utilizing the factors set forth in R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113, 1122-1123, we conclude that the designation is proper, and that the jurisdiction of this court has been properly invoked. There is no direct relationship between the elements of the remaining discrimination and negligence claims and the elements of the unconstitutional taking claim. These are all separate and distinct claims. Therefore, the partial judgment narrowed the evidence necessary for trial of the remaining issues. Although there is a slight possibility that we may be obliged to consider the unconstitutional taking issue again in connection with the consolidated actions (that are not before us in this appeal), each factual scenario is different and would not necessarily have the same result. Thus, that factor alone is not sufficient to void the certification. We find that the need for review of this issue at this time best serves the interests of the litigants as well as the concern for judicial efficiency and economy.
[2] The Majors also named the insurer for the Parish, St. Paul Fire and Marine Insurance Company, as a defendant in the first supplemental and amending petition.