LLOYD GOLDMAN et al., Respondents, v A&E CLUB PROPERTIES, LLC, et al., Appellants. [932 NYS2d 136]—

The defendant A&E Club Properties, LLC (hereinafter A&E), is the owner of a parcel of land, approximately 12 acres in size, situated at the end of a private roadway in the Town of Southampton. A&E leases the property to the defendant Bridgehampton Tennis & Surf Club, Inc. (hereinafter Bridgehampton), which operates a beach and tennis club on the property pursuant to a special use permit that was issued in 1961. The plaintiffs are four resident taxpayers and homeowners whose properties abut the private roadway leading to and from the defendants' property. Alleging that the roadway had fallen into disrepair, the plaintiffs commenced this action, inter alia, to enjoin the defendants from operating the beach and tennis club in violation of various conditions of the special use permit, including one condition that allegedly required the defendants to construct and maintain the private roadway. The complaint asserted, among other things, causes of action for an injunction pursuant to Town Law § 268 (2) and the common law. The defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (4) and, in effect, pursuant to CPLR 3211 (a) (3), or, alternatively, for summary judgment dismissing the complaint. The Supreme Court, among other things, denied those branches of the defendants' motion. We affirm the order insofar as appealed from.

In support of that branch of the defendants' motion which was to dismiss the complaint, in effect, pursuant to CPLR 3211 (a) (3), the defendants failed to demonstrate that the plaintiffs lacked the legal capacity to sue on the ground that they were not aggrieved by the alleged violations of the special use permit

(*see* Town Law § 268 [2]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413-414 [1987]; *Matter of Douglaston Civic Assn. v Galvin*, 36 NY2d 1, 5-6 n 2 [1974]; *Korcz v Elhage*, 1 AD3d 903 [2003]), or that the plaintiffs lacked standing to maintain a common-law action to enjoin a violation of the special use permit (*see Cord Meyer Dev. Co. v Bell Bay Drugs*, 20 NY2d 211, 217 [1967]; *Zupa v Paradise Point Assn., Inc.*, 22 AD3d 843 [2005]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint, in effect, pursuant to CPLR 3211 (a) (3).

In support of that branch of their motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4), the defendants failed to demonstrate that the relief sought in an alleged prior pending action was the same or substantially the same such that dismissal of this action was appropriate (*see* CPLR 3211 [a] [4]; *Kent Dev. Co. v Liccione*, 37 NY2d 899 [1975]; *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 790 [2011]; *Wharry v Lindenhurst Union Free School Dist.*, 65 AD3d 1035 [2009]; *cf. DAIJ, Inc. v Roth*, 85 AD3d 959 [2011]; *Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622 [2009]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4).

The defendants failed to demonstrate their prima facie entitlement to summary judgment dismissing the complaint on the ground that they did not commit any of the alleged violations of the conditions of the special use permit (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Since the defendants failed to meet their initial burden, we need not consider the sufficiency of the papers submitted by the plaintiffs in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.

We do not consider the defendants' contention that the complaint should be dismissed based on the doctrine of res judicata since it was improperly raised for the first time in their reply papers before the Supreme Court (*see Kearns v Thilburg*, 76 AD3d 705, 708 [2010]; *Djoganopoulos v Polkes*, 67 AD3d 726, 727 [2009]; *Crummell v Avis Rent A Car Sys., Inc.*, 62 AD3d 825 [2009]).

The defendants' remaining contentions are without merit. Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.