MATTHEW B. GERSHON et al., Respondents, v ROBERT CUN-NINGHAM, Appellant, et al., Defendant. [23 NYS3d 345]—

In an action, inter alia, to permanently enjoin alleged violations of the Zoning Resolution of the City of New York, the defendant Robert Cunningham appeals (1) from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 25, 2013, which, inter alia, granted the motion of nonparty Stuart A. Klein and his law firm to be relieved as the plaintiffs' counsel, and (2), as limited by his brief, from so much of an order of the same court dated August 13, 2013, as denied those branches of his motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (8) for lack of standing and lack of personal jurisdiction.

Ordered that the appeal from so much of the order dated June 25, 2013, as granted the motion of the nonparty Stuart A. Klein and his law firm to be relieved as the plaintiffs' counsel is dismissed; and it is further,

Ordered that the order dated June 25, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated August 13, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal by the defendant Robert Cunningham (hereinafter the appellant) from so much of the order dated June 25, 2013, as granted the motion of the nonparty Stuart A. Klein and his law firm to be relieved as the plaintiffs' counsel must be dismissed, since the appellant is not aggrieved by that portion of the order (see CPLR 5511).

The Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing. "To establish standing to maintain a private common-law action to enjoin zoning violations, a private plaintiff must establish that, due to the defendant's activities, he or she will sustain special damages that are 'different in kind and degree from the community generally' and that the asserted interests fall 'within the zone of interest to be protected' by the statute or ordinance at issue" (*Town of N. Elba v Grimditch*, 131 AD3d 150, 155 [2015], quoting *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413-414 [1987]; *see Matter of Riverhead PGC, LLC v Town of Riverhead*, 73 AD3d 931, 933 [2010]). However, "an allegation of close proximity

may give rise to an inference of injury enabling a nearby property owner to maintain an action without proof of actual injury" (*Zupa v Paradise Point Assn., Inc.*, 22 AD3d 843, 844 [2005]). Here, the record demonstrates that the plaintiffs' property was in close proximity to the defendants' property and that the plaintiffs' interests "were within the zone of interest to be protected by the zoning ordinances alleged to be violated" (*id.* at 844). Since the appellant failed to demonstrate that the plaintiffs lacked standing to maintain this action, the Supreme Court properly denied that branch of his motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3) (*see Goldman v A&E Club Props., LLC*, 89 AD3d 681, 682-683 [2011]).

The Supreme Court also properly denied that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. The appellant failed to submit a sworn denial of receipt of process to rebut the presumption of proper service (*see JPMorgan Chase Bank, N.A. v Todd*, 125 AD3d 933 [2015]). In any event, the record demonstrates that the appellant was served with both the complaint and the supplemental complaint.

The parties' remaining contentions are either not properly before this Court or without merit.

The notice of appeal filed by the appellant purports to include himself and the pro se defendant Cheryl Cunningham as appellants. However, because the appellant is not an attorney admitted to practice in the State of New York, he was without authority to take an appeal of behalf of Cheryl Cunningham (*see Matter of Ontario Hgts. Homeowners Assn. v Town of Oswego Planning Bd.*, 77 AD3d 1465, 1466 [2010]; *Matter of Schulz v New York State Dept. of Envtl. Conservation*, 186 AD2d 941, 942 n [1992]). Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.