McClendon, j.
^Plaintiff seeks review of a judgment granting defendant’s exception raising the objection of prescription and dismissing plaintiffs petition with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
. Plaintiff, 1900 Highway 190, L.L.C., owns a parcel of land located at 1900 Highway 190 in Slidell, Louisiana. On July 23, 2013, the Slidell City Council adopted Ordinance No. 3698, which annexed and rezoned property across the street from plaintiffs parcel for the purpose, of allowing construction of a RaceTrac gas service station.
On July 9, 2014, plaintiff filed a petition for damages, naming the City of Slidell (City) as the sole defendant. Plaintiff alleged that the City’s passage of Ordinance No. 3698 caused it damage, and challenged the annexation and rezoning as non-compliant with laws applicable to the extension of corporate limits. Plaintiff also alleged that the City was liable under a theory of inverse condemnation. .Specifically, plaintiff asserted that the proposed RaceTrac gas service station, which can now be developed as a result of the annexation and rezoning, affects plaintiffs property rights insofar as the RaceTrac will directly compete with any commercial operations on plaintiff’s property, thereby causing damage to and devaluing its property.[1]
In response, the City filed peremptory exceptions' raising the objections of no cause of action, no right of action, per-emption, and prescription. . Following a hearing, the trial court granted the City’s exception raising the objection of prescription based op the thirty-day period found in LSA-R.S. 33:175(A) and pretermitted ruling on the remaining exceptions. Plaintiff filed a timely motion for a new trial, which the trial court subsequently denied.
• Plaintiff has appealed, assigning the following as error:
| sl. The trial court erred by granting the City’s exception of prescription because, under La. R.S. 33:175 B, the prescriptive period for challenges of annexation is five years — not thirty days. Thus, Plaintiffs suit is timely.
2. The trial court erred by granting the exception of prescription because under La. R.S. 13:5111, the prescriptive period applicable to takings claims and inverse condemnation claims is three years — not thirty days.
3. The trial court erred by not allowing plaintiff to amend its petition.
DISCUSSION
In its first two assignments of error, plaintiff asserts that the trial court erred in granting the City’s exception raising the objection of prescription. While both plaintiff and the trial court have addressed this issue as one of prescription, LSA-R.S. *696 33:175 C provides that- the periods in the statute are peremptive.
Peremption may be raised by a peremptory exception. See LSA-C.C.P. art. 927 A(2); Rando v. Anco Insulations, Inc., 08-1163 (La.5/22/09), 16 So.3d 1065, 1082. At the hearing on the exception of peremption, evidence may be introduced to support or controvert the exception. See LSA-C.C.P. art. 931. In the absence of evidénce, an exception of peremption must be decided based upon the facts alleged in the petition with all of the allegations accepted as true. See Cichirillo v. Avondale Indus., Inc., 04-2894 (La.11/29/05), 917 So.2d 424, 428. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court’s role is to" determine whether the trial court’s ruling was legally correct. See Onstott v. Certified Capital Corp., 05-2548 (La.App. 1 Cir. 11/3/06), 950 So.2d 744, 746.
Any interested citizen may contest the proposed extension of a municipality’s corporate limits by filing suit within 30 days before the effective date of the ordinance extending the limits. See LSA-R.S. 33:174 A.[2] Louisiana Revised Statutes 33:175, entitled “Peremption of right to attack ordinance” provides:
A. If no suit is filed within the thirty-day period, or if no appeal is taken within the legal delays from a judgment of the district court sustaining the ordinance, same shall then become operative and cannot be contested or attacked for any reason' or' cause whatsoever. -
B. Notwithstanding any other provision of this Subpart, an ordinance enlarging the boundaries of a municipality cannot be contested or attacked based on the inadequacy of the notice after the passage of five years from the date of its enactment, and the implementation and operation of such an ordinance for that period shall be adequate notice 'of its existence.
C. The periods established by this Section aré peremptive and apply to any and all purported rights and causes of action to contest or attack an ordinance enlarging the boundaries of a municipality for any reasons or cause- whatsoever, except for any rights 'or causes of action under the- Voting Rights Act of 1965, as amended.
The clear wording of LSA-R.S. 33:175 A indicates that once the thirty-day period for challenging the adoption of an ordinance has passed, the ordinance “cannot be contested or attacked for any reason or cause whatsoever.” (Emphasis added.). See Lind v. Village of Killian, 00-0375 (La.App. 1 Cir. 5/11/01), 808 So.2d 590, 592. Despite the clear wording of subsection A, which appears to foreclose any action after 30 days, the equally clear wording of subsection B says “[n]otwithstanding any other provision of this Sub-part” (which would include subsection A), and allows an action based on inadequate notice to be brought within five years. Plaintiff posits, that subsection B allows it *697 five years to file suit to contest the .enlargement of the City’s boundaries: Yet, as indicated above, the five-year period only applies when there has been inadequate notice. As noted by the trial court at the hearing on plaintiffs motion for new trial, when plaintiff began addressing subsection B, “You could see me diving for. the petition when you said that you had listed notice in the petition as an issue. We were unable to find that in the petition, and that was an issue for us.” Similarly, we have reviewed plaintiffs petition and plaintiff raised no allegations about the adequacy of the notice therein. As such, the time delay in subsection B is not applicable. Plaintiffs petition filed nearly a year after the annexation was untimely.
| ¿Plaintiff also asserts that the City is liable to it under a theory of inverse condemnation. Plaintiff notes that a taking may occur with or without physical invasion of property. See State of Louisiana, through the Dep’t of Transp. and Dev. v. Chambers, Inv. Co., Inc., 595 So.2d 598, 601-02 (La.1992). A taking may occur in the form of zoning or rezoning. Annison v. Hoover, 517 So.2d 420, 422-23 (La.App. 1 Cir.1987), writ denied, 519 So.2d 148 (La.1988). Plaintiff avers that suit for compensation for taking of property effected other than by an expropriation proceeding prescribes three years from the date of the taking under LSA-R.S. 13:5111.[3] As such, plaintiff maintains that its action for compensation for property taken by the City does not prescribe until three years from the date of such taking.
In contrast, the City contends that plaintiff has no right of action for a taking under a theory of inverse condemnation. Generally, an' action for inverse condemnation provides a procedural remedy to a property owner seeking compensation for land already taken or damaged against a governmental or private entity having the powers of eminent domain where no expropriation has commenced. Chambers Inv. Co., Inc., 595 So.2d at 602. The action for inverse condemnation is available in all cases where there has been a taking or damaging of property where just compensation has not been paid, without regard to whether the property is corporeal or incorporeal. Id.
We recognize that the trial court, apparently concluding that the inverse condemnation issue was subsumed in its ruling On the exception of prescription/peremption, found this exception to be pretermitted. We disagree. | (¡However, because the exception of no right of action was raised in the pleadings below, briefed by the appel-lee, and can be raised by this court on its own motion under LSA-C.C.P. art. 927 B, we will address whether plaintiff has a right of action for an inverse condemnation claim.
The objection of no right of action tests whether the plaintiff who seeks *698 relief is the person in whose favor the law extends a remedy. LSA-C.C.P. art. 681.[4] Determination of whether a plaintiff has a right of action is a question of law. Horrell v. Horrell, 99-1093 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, 368, writ denied, 01-2646 (La.12/7/01), 803 So.2d 971. Further, on consideration of an exception of no right of action, the averments of fact in the pleadings will be taken as true in the absence of evidence to the contrary. Id.
To establish a claim for inverse condemnation, a party must show that: (1) a recognized species of property right has been affected; (2) the property has been taken or damaged in a constitutional sense; and (3) the taking or damaging was for a public purpose under LSA-Const. art. I, sec. 4. Belle Co., LLC v. State ex rel. Dept. of Environmental Quality, 08-2382 (La.App. 1 Cir. 6/12/09), 25 So.3d 847, 853, writs denied, 09-1582, 09-1684 (La.10/9/09), 18 So.3d 1288 and 1291.
In its petition, plaintiff claims that the “new gas station and convenience store to be developed as a result of the annexation and re-zoning will directly compete with the commercial operations on [plaintiff’s property, thereby causing damage to, and devaluing, [plaintiffs property.” Generally, however, “[a] person whose sole interest for objecting to a zoning board’s action is to prevent competition with his or her business is not a person aggrieved and therefore does.not have standing to challenge a zoning decision in court.” 83 Am. Jur.2d Zoning and Planning § 883.
A similar issue was addressed by the Louisiana Fifth Circuit Court of Appeal in Lauer v. City of Kenner, 536 So.2d 767, 772 (La.App. 5 Cir.1988), writ denied, 538 So.2d 594 (La.1989), wherein the plaintiffs “only complaint” following a city’s approval of a zoning ordinance was “competition from the Delchamp’s grocery has hurt his grocery business.” The fifth circuit, noting the defect on its own, concluded that the plaintiff, who owned a grocery store about one mile from the Delchamp’s at issue, did not have a right of action to bring the suit. In interpreting LSA-C.C.P. art. 681, the court noted that a plaintiff questioning the actions of public boards must have an interest which is distinct from the interests of the public at large. Id. The court indicated that there was no evidence to show that the plaintiffs property value was affected by the use variance or that traffic or population density would cause harm to his property.[5] In concluding that the plaintiff did not have a right of action, the fifth circuit explained:
We find no Louisiana case which has held that mere competitive disadvantage is insufficient to give rise to standing to contest a zoning ordinance. However, that is the rule in most other jurisdictions. See Anderson, American Law of Zoning, 3rd ed., secs. 7.28, 7.29, 27.17 and 30.03, and cases cited therein. Section 7.28, of this treatise points out that regulation of competition is not a proper function of zoning ordinances, and .that *699 when such a purpose is shown, such ordinances have generally been declared invalid. It is further noted in sec. 7.29, that attempts by local governing authorities to restrict business competition under the guise of zoning ordinances have often led to damage suits for antitrust violations.

Id.

The approach recognized by our colleagues of the fifth circuit that denies a right of action based solely on a competitive disadvantage is the prevailing law throughout the country. See ATC South, Inc. v. Charleston County, 380 S.C. 191, 197-98, 669 S.E.2d 337 (South Carolina 2008) (citing Westborough Mall, Inc. v. City of Cape Girardeau, Mo., 693 F.2d 733, 747 (8th Cir.1982), cert. denied, 461 U.S. 945, 103 S.Ct. 2122, 77 L.Ed.2d 1303 (1983) (applying Missouri | slaw, the court held “[c]ompetitive disadvantage alone does not give rise to standing!)]”); Earth Movers of Fairbanks, Inc. v. Fairbanks N. Star Borough, 865 P.2d 741, 745 (Alaska 1993) (“[W]e thus adopt the majority rule and deny standing to a business competitor whose only alleged injury results from competition.”); Swain v. Winnebago County, 111 Ill.App.2d 458, 250 N.E.2d 439, 444 (1969) (“Neither the fact that parties may suffer reduced incomes or be put out of business by more vigorous or appealing competition, nor the fact that properties on which such businesses are, operated would thus depreciate in value, give rise to a standing to sue.”); E. Serv. Ctrs., Inc. v. Cloverland Farms Dairy, Inc., 130 Md.App. 1, 744 A.2d 63, 67 (Ct.Spec.App.2000) (“[A] person whose sole reason for appealing a decision frorrl the Zoning Board is to prevent competition with his established business does not have standing.”); Cummings v. City Council of Gloucester, 28 Mass.App.Ct. 345, 551 N.E.2d 46, 50 (1990), review denied, 407 Mass. 1102, 554 N.Ed.2d 851 (1990) (“Although [a party] might well fear ... an increase in business , competition, such fear, by itself, would not cause it to be ‘aggrieved.’ ”); City of Eureka v. Litz, 658 S.W.2d 510, 523. (Mo.Ct.App.1983) (“Plaintiffs’ general competitive interest therefore, will not establish standing.”); Copple v. City of Lincoln, 210 Neb. 504, 315 N.W.2d 628, 630 (1982) (“An increase in business competition is not sufficient to confer standing to challenge a change of zone.”); Nautilus of Exeter, Inc. v. Town of Exeter, 139 N.H. 450, 656 A.2d 407, 408 (1995) (“[T]he only adverse impact that may be felt .by the plaintiffs as a result of the [Zoning- Board of Adjustment’s (ZBA’s) ] decision is that of increased competition with their businesses. . This type of harm alone is insufficient to entitle the plaintiffs to standing to appeal the ZBA’s decision....”); Rockland Hospitality Assocs., LLC v. Paris, 302 A.D.2d 597, 598, 756 N.Y.S.2d 585 (2003) (“The only potential injury,suggested in the record is an increase in business competition, which is insufficient to confer standing on a party[.]”); Nernberg v. City of Pittsburgh, 153 Pa.Cmwlth. 219, 620 A.2d 692, 696 (1993) (“The zoning ordinance is not part of a regulatory scheme to ^protect against competitive injury, and thus competition is not the ..kind of direct injury which gives rise to standing in a zoning case.”)).
In light of the foregoing, we likewise conclude that plaintiff has no right to maintain its action against the City because of the increased competition from the rezoning, which appears to be the sole basis of plaintiffs argument.
In its third assignment of error, plaintiff maintains that the trial court erred in failing to allow it to amend its petition. Plaintiff notes that when the grounds of the objection pleaded by the peremptory exception may be removed by *700 amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. LSA-C.C.P. art. 934 B. Article 934 further provides that if the grounds of the objection cannot be removed by amendment, the action shall be dismissed. The decision to allow amendment is within the sound discretion of the trial court. Richardson v. Home Depot USA, 00-0393 (La.App. 1 Cir. 3/28/01), 808 So.2d 544, 547. On appeal, plaintiff does not indicate how it can amend its petition to correct the deficiencies, nor do we see how the grounds for the objections could be removed by amendment under these facts. Considering the record, we cannot conclude that the trial court abused its discretion in refusing to allow plaintiff to amend its petition.
CONCLUSION
For the foregoing reasons, we conclude that plaintiffs suit to challenge the ordinance was untimely. Therefore, we find no' error in the trial court’s judgment granting relief in this regard. Moreover, with regard to plaintiffs claim for inverse condemnation, we grant the City’s exception raising the objection of no right of action. Accordingly,' the trial court’s judgment dismissing plaintiffs petition with prejudice' is affirmed. Costs of this appeal are assessed to plaintiff, 1900 Highway 190, L.L.C.
EXCEPTION OF NO RIGHT OF ACTION GRANTED; JUDGMENT AFFIRMED.
THERIOT, J., concurs.
McDONALD, J., agrees and assigns additional reasons.

. Plaintiff's property had been annexed into the City by a similar * ordinance adopted on April 12, 2011. Although plaintiff indicates that it wants to construct a gas service station on its property, no such construction had begun by the time the instant suit was filed.

. Louisiana Revised Statutes 33:174 A provides:
Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty-day period . before the ordinance becomes effective, 'file ■ suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits. “ ‘Interested’ ”, as used in this Section, means a real and actual personal stake in the outcome of the contest of the extension of the corporate limits.

. Louisiana Revised Statutes 13:5111 A provides:
A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the state of Louisiana, a parish, or municipality or other political subdivision or an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. Any settlement of such- claim, not reduced to judgment, shall include such reasonable attorney, • engineering, and appraisal fees as are actually incurred because of such proceeding. Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking,

. Louisiana Code of Civil Procedure article . 681 provides:
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.

. Even so, an unconstitutional taking of private property does not result merely because the owner'is unable to develop it to its maximum economic potential. Only if the regulation deprives a property owner of all practical use of his property without compensation will an unconstitutional taking have occurred. Major v. Pointe Coupee Parish Police Jury, 07-0666 (La.App. 1 Cir. 12/21/07), 978 So.2d 952, 956. Here, the rezoning does not prohibit plaintiff from operating a gas station and does not prohibit plaintiff from selling or otherwise developing its property.