McWhinney v Rockland Cider Works, LLC (2024 NY Slip Op 06034)

McWhinney v Rockland Cider Works, LLC

2024 NY Slip Op 06034

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-01017
 (Index No. 32665/22)

[*1]Susan McWhinney, et al., respondents, 
v
Rockland Cider Works, LLC, et al., appellants, et al., defendants.

Bleakley Platt & Schmidt, LLP, White Plains, NY (Lino J. Sciarretta and David H. Chen of counsel), for appellants.
Feerick Nugent MacCartney PLLC, South Nyack, NY (Alak Shah of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to Town Law § 268 for injunctive relief, the defendants Rockland Cider Works, LLC, and Van Houten Farm Market Benefit Trust appeal from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated January 13, 2023. The order granted the plaintiffs' motion for a preliminary injunction and denied the cross-motion of the defendants Rockland Cider Works, LLC, and Van Houten Farm Market Benefit Trust pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiffs, 13 resident taxpayers of the Town of Orangetown, commenced this action, inter alia, pursuant to Town Law § 268 to enjoin the defendants Rockland Cider Works, LLC, and Van Houten Farm Market Benefit Trust (hereinafter together the defendants) from operating a cider manufacturing and bar service business on neighboring property, which use allegedly violates the Town's zoning code. Simultaneously, the plaintiffs moved for a preliminary injunction enjoining the defendants from conducting these activities. The defendants cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated January 13, 2023, the Supreme Court granted the plaintiffs' motion and denied the defendants' cross-motion. The defendants appeal.
The plaintiffs satisfied the condition precedent to maintaining a cause of action pursuant to Town Law § 268(2) by establishing the Town's "official lassitude or nonfeasance in the enforcement of zoning laws" (Little Joseph Realty v Town of Babylon, 41 NY2d 738, 741; see Phair v Sand Land Corp., 56 AD3d 449, 450). In support of their cross-motion, the defendants failed to demonstrate that the plaintiffs lacked the legal capacity to sue on the ground that the plaintiffs were not aggrieved by the alleged violations of the Town's zoning code (see Town Law § 268[2]; Goldman v A & E Club Props., LLC, 89 AD3d 681, 682) or that the plaintiffs lacked standing to maintain a common-law action to enjoin the alleged violations (see Gershon v Cunningham, 135 AD3d 816, 816-817; Zupa v Paradise Point Assn., Inc., 22 AD3d 843, 843-844). Accordingly, the Supreme Court properly denied dismissal of the complaint insofar as asserted against the defendants pursuant to CPLR 3211(a)(3).
The defendants also failed to demonstrate that there was a prior pending proceeding between the same parties in which the relief sought was the same or substantially the same, such that dismissal of the complaint insofar as asserted against the defendants was appropriate pursuant to CPLR 3211(a)(4) (see Jaber v Elayyan, 168 AD3d 693, 694; Dec v BFM Realty, LLC, 153 AD3d 497, 497; Swartz v Swartz, 145 AD3d 818, 822; Goldman v A & E Club Props., LLC, 89 AD3d at 683).
The Supreme Court properly granted the plaintiffs' motion for a preliminary injunction upon its determination that the plaintiffs demonstrated a likelihood of success on the merits and that the equities were balanced in their favor (see Thilberg v Mohr, 74 AD3d 1055; Town of Islip v Modica Assoc. of NY 122, LLC, 45 AD3d 574, 575; Eggert v LeFever, 222 AD2d 1043, 1044), and the granting of the preliminary injunction here did not improperly award the plaintiffs the ultimate relief sought in this action (see Boyd v Assanah, 210 AD3d 855, 856; Jones v State Farm Fire & Cas. Co., 189 AD3d 1565, 1568).
The plaintiffs' remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court