HOLDRIDGE, J.
| .¿This appeal concerns a trial court judgment requiring a mother and her child to undergo paternity testing requested by an alleged biological father after the trial court overruled the mother and her husband’s exception of “prescription/peremption.” This Court also issued a rule to show cause as to whether the judgment is a final appealable judgment. For the following reasons, we maintain the appeal and reverse the trial court’s judgment.
FACTUAL AND PROCEDURAL HISTORY
On April 2, 2015, plaintiff L.J.D.[1] filed a “PETITION TO ESTABLISH PATERNITY,” naming as a defendant M.V.S., the mother of J.S., who was born on April 5, 2013. L.J.D. alleged that he is the child’s father, asserting that he and M.V.S. were involved in an intimate relationship before the child’s birth. According to L.J.D., M.V.S. on numerous occasions told him he was the father and demanded child support. L.J.D. also named as a defendant J.P.S, to whom M.V.S. was married when the child was conceived. He noted that J.P.S. is legally presumed to be the child’s father.[2]
L.J.D. alleged that blood testing of the parties would show his paternity. He requested that the trial court order the mother and the child to submit to blood collection and tissue sampling by a court-appointed expert. L.J.D. also sought an order that J.P.S. submit to paternity testing or produce the results of prior testing.
M.V.S. and J.P.S. responded with an exception of “prescription/peremption” wherein they acknowledged that J.P.S. was presumed to be the child’s legal father. They contended that, pursuant to La. C.C. art. 198, an action to establish paternity lsof a child presumed to be the child of another man shall be instituted within one year from the date of birth of the child.
The trial court held a hearing; no evidence was introduced or testimony taken. On November 3, 2015, the court signed a judgment, which states:
IT IS ORDERED, ADJUDGED AND DECREED that the Exception [of prescription/peremption] is dismissed;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a paternity test is ordered, at a facility designated by plaintiff with plaintiff paying the fees associated with said testing;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant [M.V.S.] has thirty (30) days from the date of the Judgment to report to the testing facility.
From this judgment, M.V.S. and J.P.S. appeal. This Court issued a rule to show cause as to whether the judgment is a final appealable judgment and then issued an order for the rule to be considered with the merits of the appeal.
LAW AND ANALYSIS
An appealable judgment is a final judgment or an interlocutory judgment that is *584 appealable where expressly provided by law. La. C.C.P. art. 2083. Louisiana Code of Civil Procedure article 1841 provides that a judgment that determines the merits in whole or in part is a final judgment; a judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. See In re Succession of Reno, 2013-1823 (La.App. 1 Cir. 6/17/15), 175 So.3d 412, 416.
In this case, while L.J.D. entitled his petition as one to establish paternity, the only relief he sought was blood and/or tissue sampling of M.V.S., J.P.S. and the child. He did not seek to be declared the child’s father. The judgment orders a paternity test and orders M.V.S. to report to the testing facility within thirty days of the judgment.[3] The judgment does not mention J.P.S. Generally, silence in a .Judgment of the trial court as to any issue, claim or demand placed before the court is deemed a rejection of the claim and the relief sought is presumed to be denied. Schoolhouse, Inc. v. Fanguy, 2010-2238 (La.App. 1 Cir. 6/10/11), 69 So.3d 658, 664. Because the order setting the rule to show cause, the minute entry and the transcript of the hearing indicate that the trial court was hearing the entire matter, silence in the judgment as to J.P.S. is deemed a denial of the request that he submit to paternity testing or provide paternity test results. L.J.D. only sought paternity testing on the interested parties in his suit, and the judgment orders the tests as to the mother and child and presumably denies the test as to the presumed legal father; therefore, the merits of the entire suit were decided and the judgment is a final judgment. The rule to show cause is recalled and the appeal is maintained.
M.V.S. and J.P.S. rely on La. C.C. art. 198 to support their contention that this action is perempted or prescribed. Louisiana Civil Code article 198 states:
A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.
If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.
In all cases, the action shall be instituted no later than one year from the day of the death of the child.
The time periods in this Article are peremptive.
In this case, the child was born during the mother’s marriage and the husband is presumed to be the child’s father. La. C.C. art. 185.[4] Where a child has a legal father, La. C.C. art. 198 requires a paternity action to be instituted within | Rone year from the date of the child’s birth. However, if M.V.S. in bad faith deceived L.J.D. about his paternity, a paternity action should have been instituted within one year from the day he knew or should have known of his paternity or within ten years from the *585 child’s birthdate, whichever first occurred. La. C.C. art. 198.
As earlier discussed, while L.J.D. did file an action entitled “PETITION TO ESTABLISH PATERNITY,” the only relief which he requested was to obtain an order that the child’s mother, her husband and the child undergo paternity testing. According to 2005 Revision Comment (c) to La. C.C. art. 198, “[t]he alleged biological father may obtain a court order for blood tests without first instituting the paternity action permitted by this Article. R.S. 9:398.2 (1995).”[5] Louisiana Revised Statute 9:398.2, entitled “Petition for order to submit to blood or tissue tests prior to bringing filiation action,” states, in pertinent part:
(A)(2) Notwithstanding any other provision of law to the contrary, the alleged biological father of a child born outside of marriage, prior to filing any action to establish filiation of the child, may petition a court of proper jurisdiction and venue for an order directing the mother, child, and petitioner to submit to the collection of blood or tissue samples, or both, for determination of paternity for the purpose of exercising rights relating to the child.
B. The petition authorized in Paragraphs (1) and (2) of Subsection A of this Section shall name the mother as defendant and shall allege specific facts tending to prove the relationship or the circumstances of any physical relationship with the mother, or facts tending to prove paternity, and other facts necessary to establish the jurisdiction and venue of the court.
C. The court, after contradictory hearing, may order the parties to submit to blood or tissue samples, or both, and direct that inherited characteristics in the samples, including but not limited to blood and tissue type, be determined by appropriate testing procedures as provided in this Part.
| (¡Louisiana Revised Statutes 9:398.2 applies to L.J.D.’s petition seeking an order for paternity testing because the child was allegedly born outside of the marriage of L.J.D., his alleged biological father, and his mother. Louisiana Civil Code article 3506(8) states, “A child born outside of marriage is a child conceived and born outside of the marriage of his parents.” The marriage that article 3506(8) refers to in this case is the marriage between the party seeking filiation and the child’s mother, not the marriage between the child’s mother and her husband.[6] The purpose of the testing provided for in La. R.S. 9:398.2 is to use the results in an “action to establish filiation of the child,” or “for determination of paternity for the purpose of exercising rights relating to the child.”[7] La. R.S. 9:398.2(A)(2).
*586 Therefore, to determine whether L.J.D. has a right to obtain blood testing, he must have the right to file an action to establish filiation of the child.[8] Louisiana ^Revised Statute 9:398.2(A)(2) only allows for the biological father to have paternity testing “prior to filing any action to establish filiation of the child .... ” However, once an avowal action is perempted pursuant to La. C.C. art. 198, the biological father has no corresponding right to court-ordered blood testing to establish paternity. While L.J.D. did not file an avowal action whereby he sought to be declared the father of the child, but instead simply sought paternity testing, the time period set forth in La. C.C. art. 198 controls his request as an alleged biological father for paternity testing where the child has a legal father.[9]
We must determine whether L.J.D. has a right of action for establishing filiation of the child. While M.V.S. and J.P.S. objected to L.J.D.’s petition with an exception of “prescription/peremption,” we note that this Court can raise the objection of no right of action on its own motion. La. C.C.P. art. 927(B).[10] Generally an action can only be brought by a person having the real and actual interest that he asserts. La. C.C.P. art. 681. The peremptory exception pleading the objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. See La. C.C.P. art. 927(A)(6); OXY USA Inc. v. Quintana Prod. Co., 2011-0047 (La.App. 1 Cir. 10/19/11), 79 So.3d 366, 376, writ denied, 2012-0024 (La. 3/2/12), 84 So.3d 536. Un- *587 like the objection of no cause of action, evidence supporting or controverting an objection of no right of 18action is admissible to show that the plaintiff does not possess the right he claims or that the right does not exist. Id. Further, on consideration of an exception of no right of action, the averments of fact in the pleadings will be taken as true in the absence of evidence to the contrary. 1900 Highway 190, L.L.C. v. City of Slidell, 2015-1755 (La.App. 1 Cir. 6/3/16), 196 So.3d 693, 698.
Louisiana Civil Code article 198 expressly provides that the time period for asserting an action to establish paternity is peremptive. Peremption is a period of time fixed by law for the existence of a right, and unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. Public policy requires that rights to which peremptive periods attach are extinguished after passage of a specific period of time, and accordingly, nothing may interfere with the running of a peremptive period. State Bd. of Ethics v. Ourso, 2002-1978 (La. 4/9/03), 842 So.2d 346, 349. Unlike prescription, the peremptive period may not be interrupted, suspended or renounced, and exceptions such as contra non valentem are not applicable. La. C.C. art. 3461; Ourso, 842 So.2d at 349.
In this case, L.J.D.’s petition was filed almost two years after the child was born; L.J.D. did not allege that M.V.S. in bad faith deceived him about his paternity, but instead alleged that she told him on numerous occasions that he was the father and demanded child support. In their exception, M.V.S. and J.P.S. alleged that the exception to the one-year time period did not apply in this case because M.V.S. and J.P.S. were separated when she was involved with L.J.D., she informed L.J.D. that the child was his biological child and she made every attempt to develop a relationship between L.J.D. and the child. In oral reasons for judgment, the judge found that the applicable time period was prescriptive and was interrupted. He based his ruling on counsel’s allegations that initially M.V.S. told IflL.J.D. he was the father, but after the one-year period in which he could have filed a filiation action, she told him he might not be the father.
The trial court erred in finding that the time period was prescriptive subject to interruption because the time period in La. C.C. art. 198 is peremptive. L.J.D. failed to act during the time period set forth in La. C.C. art. 198; he did not file an action to establish paternity within one year of the child’s birth. The petition was filed almost two years after the child’s birth and there were no allegations that the mother in bad faith deceived the father as to his paternity. It is clear that any action that L.J.D. would have had to assert his paternity of the child is perempted and that action no longer exists. Therefore, L.J.D. has no right to file an action to establish filiation of the child because that action no longer exists. Accordingly, he has no corresponding right of action to obtain a court-ordered blood test pursuant to La. R.S. 9:398.2(A)(2).[11] Once a party is perempted from filing an action to establish filiation *588 under Civil Code article 198, he is also precluded from seeking blood testing under La. R.S. 9:398.2(A)(2).
CONCLUSION
For the above and foregoing reasons, the rule to show cause is recalled and this appeal is maintained. On our own motion, we render judgment declaring that L.J.D. has no right of action to file his petition to establish paternity and correspondingly, has no right of action to seek blood testing in accordance with La. R.S. 9:398.2(A)(2). Therefore, the judgment of the trial court ordering M.V.S. and | inthe child to submit to paternity testing is reversed. Costs of this appeal to be paid by L.J.D.
APPEAL MAINTAINED; REVERSED AND RENDERED.

. To protect the identity of the minor child, we will use the initials to refer to the parties. See Uniform Rules, Courts of Appeal, Rules 5-1, 5-2.

. The husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the termination of the marriage. La. C.C. art. 185.

. While the judgment does not specifically name the child, it orders M.V.S. to report to the testing facility for a paternity test; because her paternity is not at issue, the order for paternity testing would clearly apply to the child, such that the judgment indicates that M.V.S. must report to the testing facility with the child for paternity testing.

. This presumption has been referred to as the strongest presumption in the law. La. C.C. art. 185, Revision Comment (b).

. While the Official Revision Comments are not the law, they may be helpful in determining legislative intent. Tracie F. v. Francisco D., 2015-1812 (La. 3/15/16), 188 So.3d 231, 238.

. In T.D. v. 98-0167 (La. 3/2/99), 730 So.2d 873, 875 n.1, abrogated in part on other grounds, Fishbein v. State ex rel. La. State Univ. Health Sci. Ctr., 2004-2482 (La. 4/12/05), 898 So.2d 1260, the supreme court explained that the term "illegitimate” (which was then used instead of “child born outside of marriage”) referred to a child who was "not born in the marriage of his biological father to his mother and/or is assumed to be the child of another man. A child who enjoys legitimacy as to his legal father may also be the illegitimate child of his biological parent.” 2004 La. Acts, No. 26 changed the terminology in statutes and code articles from “illegitimate child” to "child bom outside of marriage.”

.Other provisions in the Chapter entitled "Blood or Tissue Sampling for the Determination of Paternity” apply to the use of the test results in subsequent actions for filiation. *586 Louisiana Revised Statutes 9:398.2(D) provides that if the court issues an order directing blood or tissue testing or both, the provisions of La. R.S. 9:397 through 397.2 and 397.3(A) and (B) shall be applicable to the filing of the test results in the record. Louisiana Revised Statutes 9:398.2(E) states, "The court shall not make a determination of paternity based on the test results and conclusions of the experts filed in the record; however, the test results shall be admissible in any subsequent action filed by any of the parties relating to the filiation of the child.” According to La. R.S. 9:397.3(B)(2)(b), a certified report of blood or tissue sampling that indicates by a ninety-nine and nine-tenths percentage point threshold probability that the alleged father is the child's father creates a rebuttal presumption of paternity.

.A court order for blood testing to determine paternity is a search and seizure within the meaning of the Fourth Amendment of the United States Constitution. In the Interest of J.M., 590 So.2d 565, 567 (La. 1991). Because of the strong societal interest in determining minor children’s parentage and the minimal intrusion involved, court ordered blood testing in paternity cases is constitutionally permissible if justified under the circumstances of the particular case. Id at 572. The only other rights L.J.D. could exercise as to the child as a potential biological father would be as a plaintiff in a wrongful death action, but fortunately such an action is not involved in this case.

. Under prior case law when filiation by a putative father was a judicially recognized action only, this Court found that the alleged biological fathers were entitled to blood tests under La. R.S. 9:396(A) either because they had an actual relationship with the child or they had been prevented from forming an actual relationship by the mother and they instituted an avowal action within a reasonable time of the child’s birth. Putnam v. Mayeaux, 93-1251 (La.App. 1 Cir. 11/10/94), 645 So.2d 1223, 1225-26, superseded by statute, La. C.C. art. 198, as recognized in Miller v. Thibeaux, 2014-1107 (La. 1/28/15), 159 So.3d 426, 434; Smith v. Jones, 566 So.2d 408, 414 (La. App. 1 Cir.), writ denied sub nom., Kemph v. Nolan, 569 So.2d 981 (La. 1990), superseded by statute, La. C.C. art. 198, as recognized in Miller v. Thibeaux, 2014-1107 (La. 1/28/15), 159 So.3d 426, 434. In these cases, this Court first examined the alleged fathers’ right to an avowal action before determining their right to a blood test.

. This Court issued an interim order for the parties to brief the issue of the alleged biological father's right of action in this case.

. Because the grounds for the objection of no right of action cannot be removed by amendment of the petition, we do not order its amendment. La. C.C.P. art. 934. While the trial court improperly based its ruling on L.J.D.’s counsel’s allegations that the mother initially told LJ.D. he was the father, but after the one year period told him he might not be the father, the exception for bad faith in La. C.C. art. 198 provides that the action shall be instituted within one year from the day the father knew or should have known of his paternity or within ten years from the child’s birthdate, whichever first occurs. LJ.D. initially was told he was the father.